Lombardo, J.
The plaintiffs have brought a contract action against the defendant insurance company seeking to recover for personal injuries under the underinsured motorist provision of their automobile insurance policy. The defendant alleges valid cancellation of the policy prior to the date of the injuries because of non-payment of premiums.
Both the plaintiffs and the defendant filed motions for summary judgments; both presented the Court with a case stated. By stipulation of both parties, the sole issue for the trial judge was whether General Laws c.175, §113A required the defendant insurer to maintain receipts of registered mail as proof of the mailing of a notice of cancellation of the plaintiffs motor vehicle insurance policy.
General Laws c.175, §113A, as it appeared in 1985, when the notice was mailed, provides in part, that
.... no cancellation of the policy, whether by the company or by the insured, shall be valid unless written notice thereof is given by the party proposing cancellation to the other party giving the specific reason or reasons for such cancellation at least twenty days in each case prior to the intended effective date thereof, which date shall be expressed in said notice, and that notice of cancellation sent by the company to the insured, by registered mail, postage prepaid, with a return receipt of the addressee requested, addressed to him at his residence or business address stated in the policy shall be a sufficient notice, and that an affidavit of any officer, agent or employee of the company, duly authorized for the purpose, that he has so sent such notice addressed as aforesaid shall be prima facie evidence of the sending thereof as aforesaid.
In reviewing the relevant language of General Laws c.175, §113A, which language was in effect at the time, it indicates that in order for a cancellation of an insurance policy to be valid (emphasis supplied), it must be (a) in writing; (b) given by the party proposing cancellation to the other party giving the specific reason or reasons for such cancellation; (c) the written notice must be given at least twenty (20) days prior to the intended effective date; (d) the intended effective date must be expressed in the aforesaid notice; (e) the notice of cancellation must be sent by the company to the insured, by registered mail, postage prepaid, with a return receipt of the addressee requested; and (f) the notice must be addressed to the insured at his or her residence or business address.
The statute also indicates that a notice of cancellation mailed to the insured at his *139 or her residence or business address, which address is stated in the policy is a sufficient notice of cancellation.
The statute further indicates that an affidavit of any officer, agent or employee of the company, duly authorized for the purpose, that such notice has been sent shall be prima facie evidence of the sending of such notice.
The statute provides a step by step procedure for cancellation. It indicates the procedure that must be followed to achieve a valid cancellation (emphasis added). The statute also indicates that an affidavit by an officer, agent or employee of the company is prima facie evidence that such notice was sent
The statute does not contain language requiring the defendant insurer to maintain receipts of registered mail as proof of mailing of a notice of cancellation.
The notice provision of the insurance statute has been considered by the Courts in this Commonwealth on numerous occasions. The following cases have held that the notice provisions of General Laws c.175, §113Amust be strictly complied with in order to achieve a valid cancellation of a motor vehicle insurance policy. White v. Edwards, 352 Mass. 655 (1967); Fields v. Parsons, 353 Mass. 706 (1968).
In the case of Liberty Mutual Ins. Co. v. Wolfe, 7 Mass. App. Ct. 263 (1979), the Court held “...the sufficiency of a statutory notice of cancellation under §113A(2) must be measured as of the time of mailing in the manner required by that section, because the mailing satisfies the statutory notice requirement, regardless of actual receipt by the addressee.” The Court also held in that case that “...in the cancellation of insurance policies, conditions impo sed by law with respect to the giving of notice must be strictly complied with if the cancellation is to be valid.”
The language of General Laws c.175, §113A, taken as a whole, is clear and unambiguous. The legislature required insurance companies to send their notices of cancellations by registered mail, postage prepaid, with a return receipt requested in order to make reasonably sure that insured persons receive notice of the impending cancellation of their policies. The legislature, however, did not go so far as to impose upon insurance companies an additional requirement that the receipts of registered mail be maintained in older to achieve a valid cancellation of an insurance policy. To interpret the clear and unambiguous language of General Laws c.175, §113A in such a manner so that it requires insurance companies to maintain return receipts would increase their burden for establishing prima facie evidence of the sending of a notice of cancellation. The statute clearly delineates the burden on insurance companies. A company establishes prima facie evidence of the sending of a notice of cancellation by producing an affidavit of its agent attesting to the same.
The plaintiffs failed to challenge the sufficiency of the notice or the veracity of the affidavit of the insurer’s agent, hence we do not have these issues before us.
We decline to find that the language of General Laws c.175, §113A is unclear and ambiguous, or that it invites a necessary implication that insurance companies must maintain registered mail receipts and submit them as proof that such notices were sent in order to achieve a valid cancellation.
We find, as the statute requires us to do, that the affidavit of the authorized agent of the defendant insurance company constitutes prima facie evidence that the notice was properly sent. The plaintiffs’ challenge of the sufficiency of the affidavit was not raised at trial and is therefore deemed waived.
Judgment for the defendant is to be entered and the report is dismissed.