Martin, J.
This is an action in which the plaintiff seeks to recover for bodily injuries sustained by her while she was a lawful visitor upon the business premises of the defendant. The plaintiff contends that she fell on a broken jar of mustard at the defendant’s store and that the defendant was negligent in maintaining its premises. The defendant’s response to this claim is that it was not negligent. The defendant claims that there was no evidence that the broken jar of mustard was caused to be on the floor by any employee of the defendant and that there was no evidence that the defendant knew or should have known of this foreign substance on the floor prior to the plaintiff’s fall.
The Court found for the plaintiff in the sum of $6,275.00, plus interest and costs.
At the close of the trial, before the final arguments, the defendant filed requests for rulings of law which the judge acted upon, but did not file findings of fact concerning the handling of the requests. In acting upon the requests, the judge denied a request that the evidence warranted a finding for the defendant. This was error and requires us to remand this case for a new trial.
A warrant request raises the issue of the sufficiency of the evidence by seeking the determination that a finding in favor of the requesting party is legally permissible given all the evidence adduced at trial. The allowance of such a request is consistent with the court’s ultimate finding in favor of the opposing party; it does not obligate the judge to find in favor of the requesting parly. Flavin v. Morrissey, 327 Mass. 217, 220 (1951); Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955); Cooperstein v. Turner Brothers Construction, Inc., 1992 Mass. App. Div. 249, 251.
*242 By denying this warrant request of the defendant, the judge, in effect, ruled that a finding for the plaintiff was required. Cooperstein, supra, at 252. Rarely is a finding for the plaintiff required by the court. Especially rare is such a finding required in a tort case. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943); Goldberg v. F.W. Woolworth Company, 1992 Mass. App. Div. 230, 231. This case is not an exception to that general rule.
There was evidence that the plaintiff was in defendant’s store for approximately 15 to 20 minutes prior to her fall. After falling, the plaintiff saw a substance on the floor which was the same color as the color of the floor and was clear. The plaintiff did not see any employees in the aisle prior to her fall. No employee of the store actually saw the substance on the floor prior to the plaintiffs fall. The floors are visually inspected and maintained on an ongoing, as-needed basis. William Connolly, assistant manager of the store, had last traveled the area 10 to 15 minutes prior to the alleged incident. The floors were free of debris at the time of his inspection. The plaintiff was with her friend, Kjell Eskeland, on the date of the incident. Mr. Eskeland did not see the plaintiff fall as he was in the next aisle at the time. After the plaintiff fell, Mr. Eskeland came to the plaintiff’s assistance and saw a broken jar of mustard on the floor approximately one foot out from the edge of the shelf. He described the mustard as being yellow and blending in with the floor. Neither the plaintiff nor Mr. Eskeland had knowledge as to how long the broken jar of mustard was on the floor. Neither the plaintiff nor Mr. Eskeland heard a crash or sound of breaking glass before the plaintiff’s fall. There was no evidence as to how the jar became broken or how the mustard got on the floor. On this evidence, a finding for the plaintiff was not required.
In some circumstances, written findings of fact have made irrelevant the denial of a “warrant” request that would otherwise be error. Bresnick v. Heath, 292 Mass. 293, 298-299 (1935); Cooperstein, supra, at 251. The judge made no such written findings in this case.
The judgment for the plaintiff is vacated, and this action is returned to the New Bedford Division for a new trial.
So ordered.