Coven, J.
This is an action to recover for the defendant-insurer’s refusal to pay the plaintiff’s claim for the total loss of her automobile. The defendant argued that the plaintiff’s insurance policy had been cancelled for non-payment prior to the theft and destruction of the plaintiff’s vehicle. After trial, the court entered judg *33 ment for the plaintiff on her claims for breach of contract, waiver and estoppel, and for the defendant on the plaintiff’s statutory claims under G.L.C. 93A, 175, §113 (A), and 176D. Both parties appealed pursuant to Dist./Mun. Cts. R.A.D. A., Rule 8C.
The dispositive issue is whether the defendant-insurer issued an effective statutory notice of cancellation to the plaintiff. The record indicates that in April, 1993, the plaintiff moved from Medford to 51 Page Road, Lincoln, Massachusetts and properly notified the defendant of her change of address. The Lincoln address was the last address listed on the plaintiffs insurance policy.
In August, 1993, the plaintiff moved from Lincoln to Webster Street, Arlington, Mass. She testified that she notified her insurance agent, Rollins, Hudig & Hall (“Rollins”), of that change of address and received correspondence from Rollins at the Arlington address. There was no evidence that either the plaintiff, or Rollins, directly notified the defendant of the plaintiffs relocation to Arlington. The plaintiff received bills and other correspondence from the defendant which were addressed to her at her prior Lincoln address, and forwarded by the Post Office to her new address in Arlington. The plaintiff made insurance premium payments by checks printed with her Arlington address, and mailed payments in envelopes bearing an Arlington return address. The plaintiff never completed the change of address section, however, of the payment stubs she returned with her checks.
The plaintiff had a long history of late payment of her insurance premiums, and two notices of intent to cancel her policy were sent to her during the four years she was insured by the defendant. Her late payments were consistently accepted by the defendant because they were received prior to any effective dates of cancellation in the notices. No late payment was ever received or accepted after a designated policy cancellation date.
The plaintiff failed to pay her July, 1994 premium installment and on August 16, 1994, the defendant mailed a notice of intent to cancel her policy. The plaintiff testified that she did not remember receiving a cancellation notice from the defendant, but did recall receiving some notice or bill which indicated that payment was due by September 7,1994. The defendant presented evidence that the August 6,1994 notice of cancellation stated that a payment of $216.11 was due to prevent cancellation of the policy on September 7,1994, and that this was the only document sent to the plaintiff which contained a September 7, 1994 due date. No payment was received, and the policy was canceled on September 7, 1994 with notice to the Massachusetts Registry of Motor Vehicles.
On September 17,1994, the plaintiffs car was stolen and destroyed. The defendant received a check from the plaintiff on September 19,1994. The defendant cashed the check, deducted the balance of premiums and finance charges owed through the September 7,1994 date of policy cancellation, and returned the balance to the plaintiff. The plaintiff notified her insurance agent of the theft of her car on September 19,1994, and the defendant ultimately denied coverage of the loss on the basis of the September 7,1994 cancellation.
1. As the plaintiff failed to perfect or argue her cross-appeal of the trial court’s judgment for the defendant on the plaintiff’s statutory claims (Counts III, IV and V of the complaint), the cross-appeal is dismissed.
The plaintiff filed a timely notice of cross-appeal within ten days of the defendant’s notice of appeal, but took no further action to perfect that appeal. When a cross-appeal is filed, Dist./Mun. Cts. R. A D. A., Rule 16(i) designates the plaintiff in the trial court as the appellant for the purpose of satisfying the requirements of Dist./Mun. Cts. R. A D. A, Rules 18 and 19. Pursuant to Rule 18, the plaintiff, as the appellant in this Rule 8C appeal, should have served on the appellee a designation of the parts of the record that she intended to include in the appendix within ten days of receipt of a Dist./Mun. Cts. R. A. D. A, Rule 10 notice from the Appel *34 late Division that the Division had received the appeal from the trial court. The plaintiff was also required as the appellant to prepare and file the appendix. Further, pursuant to Rule 19, the plaintiff was obligated to file her brief within thirty-days of receipt of the Appellate Division’s Rule 10 notice. The plaintiff complied with none of the obligations imposed upon her as the appellant by Rules 18 and 19.[1]
Second, Rule 16 (i) required the plaintiff to include in her brief all issues and arguments relative to her cross-appeal in addition to arguments made in response to the defendant’s appeal. The plaintiff’s brief is virtually devoid of any reference, much less argument, to the court’s judgment for the defendant on Counts III, IV and V of the complaint. Such omission constituted a waiver of appellate consideration of any issues relative to the plaintiff’s cross-appeal. See generally, Collins v. Kiewit Construc. Co., 40 Mass. App. Ct. 796, 797 n. 1 (1996); Rakuz v. Spunt, 39 Mass. App. Ct. 171, 176 n. 6 (1995); O’Neill v. Mercher, 21 Mass. App. Ct. 610 n. 4 (1986); Synthetic Materials Corp. v. Maciel, 8 Mass. App. Ct. 943, 944 (1979).
2. The defendant’s appeal of the trial court’s finding for the plaintiff on her claims for breach of contract,[2] estoppel and waiver charges error in the court’s disposition of the defendant’s requests for rulings of law. Request number 10, presented in Mass. R. Civ. R, Rule 64A(b) (1) standard form, sought a ruling that the evidence warranted a finding for the defendant. It should be by now axiomatic that a warrant request raises the single, straightforward issue of the legal sufficiency of the evidence to permit a finding in favor of the requesting party. Moreau v. Shaw’s Supermarkets, Inc., 1994 Mass. App. Div. 241. Cases analyzing the nature, function and proper disposition of a warrant request are legion, see, e.g., DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 102-105 (1975); Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251, and no additional tortured or belabored explication of this elementary procedural device is necessary here. The essential point is simply that where there is any evidence, anywhere in the record, which would support a finding for the requesting party, a warrant request must he allowed, irrespective of the judge’s assessment of the credibility of such evidence. Gauvin v. Clark, 404 Mass. 450, 456-457 (1989); Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955); Liberatore v. Framingham, 315 Mass. 538, 541-542 (1944); Rummel v. Peters, 314 Mass. 504, 517-518 (1943); Strong v. Haverhill Elec. Co., 299 Mass. 455, 456 (1938); Kiley v. Dingwell, 1993 Mass. App. Div. 196, 197.
The denial of a warrant request is proper and will be sustained on appeal only when (1) the evidence is legally insufficient to permit a finding for the requesting party, and a finding in favor of the opposing party is thus required *35 as a matter of law; or (2) the trial judge makes written findings of fact which demonstrate that the court’s ultimate finding or judgment was based on its assessment, as fact-finder, of the weight and credibility of the evidence, rather than on an erroneous ruling as to the legal insufficiency of the evidence for the requesting party. Ideal Tape Co. v. FPS Fire Protec. Sys., Inc., 1997 Mass. App. Div. 57, 59. Stated alternatively, the findings must clarify that the court recognized the existence of evidence in favor of the requesting party, but chose instead to believe and base its judgment on evidence probative of the opposing party’s case. In short, if a trial judge elects to embark on the needlessly perilous course of denying a warrant request where there is evidence for the requesting party, the judge must either shoulder the additional burden of making appropriate written findings, or face a certain appellate ruling of reversible error. Perry v. Hanover, 314 Mass. 167, 173-174 (1943); Bresnick v. Heath, 292 Mass. 293, 298-299 (1935); Marsh v. Drowne, 1 Mass. App. Ct. 777, 782 (1974); Moynihan-No. Reading Lumber, Inc. v. Burke, 1996 Mass. App. Div. 143, 144-145; Hinkley v. Vital, 1992 Mass. App. Div. 91, 92; Alexander v. Compton, 1991 Mass. App. Div. 107, 109.
The trial judge in the instant case denied the defendant's request number 10, thereby effectively ruling that there was no evidence in the defendant’s favor and that judgment for the plaintiff was required as a matter of law. The judge made no findings to clarify that ruling. As the record discloses ample evidence which would have permitted a finding for the defendant, the denial of request number 10 was prejudicial error.
3. First, there was evidence that the defendant was not liable for breach of the parties’ insurance contract because the defendant had issued a valid statutory notice of cancellation prior to the plaintiff’s loss. To be effective, a notice of insurance policy cancellation must strictly comply with the requirements of G.L.c. 175, §113A(2). Liberty Mut. Ins. Co. v. Wolfe, 7 Mass. App. Ct. 263, 265 (1979); Rowe v. Middlesex Ins. Co., 1994 Mass. App. Div. 209, 211. The statute prescribes cancellation by a (1) written notice, (2) containing the specific reason (s) for cancellation, (3) and the effective cancellation date, (4) issued twenty days prior to such date, (5) delivered in hand to the insured, left at her last business or residential address “known to the company,” or mailed first class, postage prepaid to such address, and (6) verified by a certificate of mailing receipt obtained by the insurance company from the U.S. Postal Service “showing the name and address of the insured stated in the policy.” The defendant introduced sufficient evidence, uncontroverted by the plaintiff, to satisfy its burden of proving that the plaintiff’s Lincoln address was the last address listed on the insurance policy, that it issued a timely written notice of cancellation for non-payment of premiums, effective September 7, 1994, and that it mailed the notice to the plaintiff at the Lincoln address. Further, the defendant introduced into evidence the certificate of mailing required by §113A(2), as well as the affidavit of its agent attesting to the mailing of the notice. Such affidavit constituted prima facie evidence of the sending of the cancellation notice under the statute.[3] Wegenroth v. Liberty Mut. Ins., 1991 Mass. App. Div. 138, 139. Finally, while the validity of a §113A(2) notice is not contingent upon actual receipt by the addressee/insured, Liberty Mut. Ins. Co. v. Wolfe, supra at 265, there was evidence in the form of the plaintiff’s own testimony that she in fact received the cancellation notice which was the only written document *36 which referenced a premium due date of September 7,1994.[4]
4. Second, the defendant advanced sufficient evidence to defeat the plaintiff’s claim that the defendant should be estopped from relying on the cancellation notice in denying coverage because it had accepted late payments from the plaintiff in the past. The record indicates that while late payments had been consistently accepted by the defendant over the four year period of the parties’ contract, the defendant never accepted a payment made after the effective date of a cancellation notice. There was thus no explicit or implicit representation by the defendant, upon which the plaintiff could have reasonably relied, that her premium payment made on September 17,1994 and received by the defendant on September 19, 1994, well after the September 4, 1994 cancellation of her policy, would be accepted by the defendant so as to prevent any lapse of coverage. See Noble v. John Hancock Mut. Life Ins. Co., 7 Mass. App. Ct. 97, 99 (1979). In compliance with G.L.c. 175, §113A(2), the notice of cancellation issued to the defendant in fact expressly stated that the cancellation would not take effect “if the minimum amount due is paid on or prior to the effective date of cancellation [emphasis supplied].”
5. Finally, the evidence clearly warranted a finding for the defendant on the plaintiff’s wholly meritless claim that the defendant accepted payment and thus waived policy cancellation when it deducted the amount of premiums owed from the plaintiff’s check received after the effective cancellation date. The defendant advanced adequate evidence that, consistent with the provisions of §113A(2), the defendant properly determined the amount owed up to the September 4,1994 cancellation, deducted that amount from the check received on September 19, 1994, and returned the balance to the plaintiff. As there was no unconditional acceptance of premium payments for any period after September 4,1994, the defendant could not be deemed to have waived cancellation of the policy as of that date. R & F Micro Tool Co. v. General Amer. Life Ins. Co., 23 Mass. App. Ct. 694, 698 (1987).
*37 As the record contains ample evidence which would have permitted a finding for the defendant, the trial court’s unexplained denial of the defendant’s request for ruling number 10 that the evidence warranted a finding in its favor constituted reversible error. Accordingly, the court’s judgment for the plaintiff is vacated, and the case is returned to the Concord Division for a new trial on Counts I and II of the plaintiff’s complaint. The plaintiff’s cross-appeal of the court’s finding on Counts III, IV and V is dismissed, and judgment for the defendant on those counts is affirmed.
So ordered.

 After the plaintiff failed to file her brief and the appendix within the thirty day period prescribed by DistVMun. Cts. RA.D. A., Rule 19(a), the defendant filed a motion requesting permission to file its brief and the appendix as the appellant. The motion was allowed.

 Despite her principal claim for breach of contract in Count I of the complaint, the plaintiff failed to introduce the insurance policy or contract at trial. In the absence of the policy itself, it is unclear how a trial court could make a determination as to whether there was coverage for the claimed loss, adequate cancellation of the policy or any breach by the defendant. It is elementary that the plaintiff bears the burden of introducing the contract into evidence in any action for breach of the same. Given the plaintiff’s failure to introduce the policy into evidence, it could have been argued that it was error for the trial court to have denied the defendant’s Mass. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal at the close of the plaintiff’s case.

 Section 113A(2) provides, in pertinent part: “Furthermore, an affidavit of any officer, agent or employee of the company duly authorized for the purpose that he has so sent such notice addressed as aforesaid shall be prima facie evidence of the sending thereof as aforesaid...”

 The fact that the plaintiff made a contrary argument as to the invalidity of the cancellation notice in no way undermined the legal sufficiency of the defendant’s evidence to have permitted a finding in its favor on this issue. The plaintiff argued that the defendant’s cancellation notice was invalid because it was mailed to her Lincoln address which was not her “last... residence... known to the company" as mandated by statute. While conceding that she did not notify the defendant of her move to Arlington, the plaintiff contended that she did inform her insurance agent, Rollins, of her new Arlington address, that Rollins was the agent of the defendant-insurer and that Rollins’ knowledge of her last address must be imputed to the defendant as principal. See generally, as to constructive knowledge, Sunrise Prop., Inc. v. Bacon, 425 Mass. 63, 66 (1997); International Totalizing Sys., Inc. v. Pepsico, 29 Mass. App. Ct. 424, 433 (1990). The plaintiff introduced no evidence, however, which required a finding in her favor as a matter of law that Rollins was the defendant’s agent rather than her own. Pursuant to G.L.c. 173, §169, an insurance agent or broker must be deemed the agent of the insurer only for the purposes of collecting or receiving premium payments from the insured. Generally, for other purposes, an “insurance agent is tire representative of the company, and the insurance broker is ordinarily the agent of the insured ...” Hudson v. Massachusetts Prop. Ins. Underwriting Ass’n, 386 Mass. 450, 455 (1982). The plaintiff advanced no evidence that Rollins was an insurance agent of the defendant’s licensed under G.L.C. 175, §163 upon written notice to the Commissioner of Insurance by the defendant that Rollins was its agent. Id. at 456. A characterization of Rollins by the defendant’s employee as a “voluntary” agent of Arbella fell well short of proof sufficient to satisfy the plaintiff’s burden of proof.