Coven, J.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) payments for medical services provided by the plaintiff practitioner. After a bench trial, judgment was entered for the defendant-insurer. The plaintiff filed this Dist/Mun. Cts. R. A. D. A., Rule 8C, appeal on a charge of error in the trial judge’s ruling that the evidence did not warrant a finding in his favor, and in the judge’s exclusion from evidence of both a sworn written statement by the defendant’s claims adjuster and the insurance policy under which the plaintiffs claim was made.
The only witness at trial was the plaintiff, Dr. Ian Boehm (“Boehm”), a licensed chiropractor. He testified that on January 6,1999, Janice Denton (“Denton”) presented herself for treatment of injuries that she said resulted from a January 1, 1999 automobile accident in Lynn, Massachusetts. She was a passenger in one of the vehicles.[1] On February 24, 1999, defendant Arbella Mutual Insurance Company (“Arbella”) received a PIP claim from Denton. Boehm provided treatment to Denton from January 6,1999 to April 21,1999, and Denton assigned her right to seek direct payment from Arbella to Boehm. On April 2, 1999, Arbella received Boehm’s medical bills and reports for the treatment he provided to Denton. On the same date, Arbella sent Boehm a letter indicating that payment would be *116 delayed because it had not completed its investigation of the claimed loss and had not, therefore, decided if Denton would be afforded PIP coverage. The letter listed a claim number and the name of Arbella’s insured. On May 4, 1999, Arbella received a final bill from Boehm showing total treatment costs for Denton in the amount of $1,960.00. Boehm testified that Denton’s injuries were consistent with having been involved in an automobile accident, that the chiropractic treatment he provided for those injuries was medically necessary and that his charges for such treatment were fair and reasonable.
1. At the close of the evidence, Boehm filed requests for rulings of law which included a proper, standard form Mass. R. Civ. P, Rule 64A(b) (1), request that the evidence warranted a finding in his favor. It is elementary that a warrant request raises the single question of the legal sufficiency of the evidence to permit a finding in favor of the requesting party. Gauvin v. Clark, 404 Mass. 450, 456-457 (1989); Moynihan-North Reading Lumber, Inc. v. Burke, 1996 Mass. App. Div. 143, 144 and cases cited. A warrant request must be allowed if “there is any evidence, anywhere in the record, which would support a finding for the requesting party... irrespective of the judge’s assessment of the credibility of such evidence.” Canty v. Arbella Mut. Ins. Co., 1998 Mass. App. Div. 32, 34. See Cooperstein v. Turner Bros. Construction, Inc., 1992 Mass. App. Div. 249, 251. The trial judge made no written findings of fact in this case to indicate that his ultimate finding for Arbella was based on his assessment of the credibility of the evidence rather than on his determination of the inadequacy of Boehm’s evidence. See Ideal Tape Co. v. FPS Fire Protection Systems, Inc., 1997 Mass. App. Div. 57, 58-59. In the absence of such findings, the trial judge’s denial of Boehm’s warrant request constituted a ruling that the evidence was insufficient as a matter of law to permit a judgment in Boehm’s favor and that a finding in favor of Arbella was thus required.
Given the judge’s exclusion from evidence of the affidavit of Arbella’s claims adjuster and the automobile insurance policy attached to it, which we discuss below, the evidence was indeed insufficient at the end of trial to warrant a finding for Boehm. The judge’s denial of Boehm’s warrant request was thus technically correct.[2]
It is established that in any action “to recover benefits under an insurance policy, the plaintiff bears the initial burden of proving that the loss for which he seeks compensation is within the risks covered by the insuring clause of the policy.” Sonogram of New England, Inc. v. Metropolitan Prop. & Cas. Ins. Co., 2002 Mass. App. Div. 68, 70. See also Metivier v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 88, 89. Boehm was obligated to establish herein that a Massachusetts automobile liability policy issued by Arbella was in effect on the date of Denton’s accident and that an automobile involved in such action was insured under that policy. The insurance policy was excluded from evidence. Thus, while there was evidence that Denton had sustained her injuries in an automobile accident, there was insuffi *117 cient proof that there existed an insurance policy under which Boehm could collect from Arbella. Stated alternatively, there was no evidence that Denton was injured in or by an automobile insured by Arbella.
Relying on the April 2,1999 letter sent by Arbella, Boehm contends that a reasonable inference as to the existence of a valid insurance policy may be drawn from the fact that both a claim number and the name of Arbella’s insured were provided in the letter. The assignment of a claim number is, however, simply an administrative method of tracking any claim that has been filed and says nothing about the validity of the claim or the filing. Similarly, identifying Arbella’s insured indicated nothing about that insured’s automobile policy on the date in question. In short, we concur with the trial judge’s implied finding that it would be impermissible speculation to conclude merely from the assignment of a claim number, the naming of the insured, or the language of the April 2nd letter that a valid insurance policy existed under which Boehm could have collected PIP payments.
2. We next consider the trial judge’s exclusion from evidence of the affidavit made by Arbella’s claims adjuster under the pains and penalties of perjury and the policy of insurance referenced in, and attached to, the affidavit.
Prior to trial, Arbella had moved for summary judgment on the ground that Denton had failed to attend an examination under oath ordered by Arbella and had thus failed to cooperate with Arbella in its investigation of her claim.[3] Arbella argued that Denton’s non-cooperation foreclosed any recovery by Boehm because Boehm’s rights, either as assignee of Denton’s claim or as a medical provider under G.L.c. 90, §34M, were no greater than hers. In support of its Mass. R. Civ. P, Rule 56, motion, Arbella submitted the affidavit of its claims adjuster, whose assertions were made on both personal knowledge and on information and belief. The adjuster averred that attached to his affidavit was a “true, accurate and complete copy of the automobile insurance policy in effect at the time of the accident alleged in this case and for the vehicle alleged by Ms. Denton to have been involved in the accident at issue in this case.” He further averred that Boehm’s claim was “made pursuant to the attached policy.” The affidavit then recounted the history of Arbella’s investigation of Denton’s claim and Arbella’s contentions as to Denton’s failure to cooperate.
At the summary judgment hearing, Boehm argued that the affidavit of the claims adjuster should be stricken because it could not be determined which of his averments were made upon his own personal knowledge and which were being asserted based only on his information and belief. Alternatively, Boehm argued that even if the affidavit could be considered competent evidence, Arbella had still failed to demonstrate that it was entitled to summary judgment. Arbella’s summary judgment motion was denied without explanation. Nothing in the record indicates that the affidavit of the claims adjuster was stricken.
When, at the commencement of trial, Arbella’s counsel refused to stipulate to the automobile insurance policy Arbella had earlier submitted with its own Rule 56 motion, Boehm’s counsel sought to introduce into evidence the insurance policy attached to Arbella’s claims adjuster’s affidavit as well as the affidavit itself, which authenticated the policy. Arbella’s counsel objected on the ground that Boehm had taken an earlier, inconsistent position at the summary judgment hearing by arguing that the affidavit was not competent evidence. Boehm’s counsel then explained that the portions of the affidavit recited above and the attached policy constituted an admission by a party opponent and were thus admissible. The trial *118 judge responded that Boehm was trying to have it “both ways” and excluded the affidavit and the policy.
The trial judge’s comment raises the issue of whether Boehm was barred by principles of judicial estoppel from taking at trial a position on the admissibility of the affidavit which, according to Arbella, was contrary to the one taken by Boehm at the summary judgment hearing. The concept of judicial estoppel is of recent introduction into Massachusetts jurisprudence. The term was first used by the Supreme Judicial Court in Fay v. Federal Nat’l Mortgage Ass’n, 419 Mass. 782 (1995). The Court noted that “[¡judicial estoppel ... applies when a litigant has asserted inconsistent positions on the same legal point in separate proceedings or in successive stages of the same litigation [emphasis supplied].” Id. at 788 n.10. While the precise parameters of the concept have been left undefined, it appears that the “success” of the party in advancing its initial position is a relevant factor in determining whether judicial estoppel will apply. Thus, “a party who has successfully asserted a certain position under oath in [a]... proceeding may not... later... ‘assume a position relative to the same subject that is directly contrary to that taken [previously].”’ Niles-Robinson v. Brigham and Women’s Hospital, Inc., 47 Mass. App. Ct. 203, 206 (1999), quoting Paixao v. Paixao, 429 Mass. 307, 309, 311 (1999) and East Cambridge Sav. Bank v. Wheeler, 422 Mass. 621, 623 (1996). In this case, we know that Boehm was successful in defeating Arbella’s motion for summary judgment, but we do not know the ground (s) upon which he succeeded. Thus apart from the fact that Boehm’s arguments against Arbella’s Rule 56 affidavit were not asserted under oath, judicial estoppel cannot be applied absent proof as to the basis of the court’s denial of Arbella’s motion.
Even if we were to decide that judicial estoppel would apply herein regardless of a determination of the “success” of Boehm’s summary judgment argument against consideration of the affidavit, there exists reason to conclude that the principle would still be inapplicable in these circumstances. An affidavit made in connection with a summary judgment motion must be made upon personal knowledge. Mass. R. Civ. R, Rule 56(e). See White v. University of Massachusetts at Boston, 410 Mass. 553, 558 (1991). Averments made simply on information and belief must be disregarded in deciding the motion. Madsen v. Erwin, 395 Mass. 715. 721 (1985). Conversely, under Massachusetts common law rules, courts may admit any “statement by the party’s agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship,” Ruszcyk v. Secretary of Public Safety, 401 Mass. 418, 420 (1988), against a party opponent regardless of the personal knowledge of the declarant. Id. at 421-422. The positions taken by Boehm were not, therefore, legally inconsistent.
Concluding that the principle of judicial estoppel would not bar the introduction of the affidavit, we further rule that the affidavit and attached policy were admissible. Generally, “relevant evidence should be admitted unless there is a quite satisfactory reason for excluding it.” DeJesus v. Yogel, 404 Mass. 44, 47 (1989), quoting from Crowe v. Ward, 363 Mass. 85, 88-89 (1973). See also Craft v. Scofield, 2002 Mass. App. Div. 152, 152-153. Arbella offered no valid reason in objecting to the admission of this clearly relevant evidence, and we find none. The affidavit was material in that it would have tended to prove the existence of a Massachusetts automobile insurance policy covering the vehicle in which Denton was riding when she was injured, that the policy was in effect at the time of the accident, and that PIP payments were properly sought pursuant to coverage provisions of that policy. The affidavit, originally produced by Arbella, was also admissible as the statement of a party opponent offered against that party.
In short, the exclusion of the evidence was error. As the affidavit and insurance policy, considered together with Boehm’s medical record, bills, reports and testimony, would have been sufficient to permit a finding in Boehm’s favor, the trial *119 judge might well have made a different ultimate finding had the excluded evidence been before him. The error was thus prejudicial, DeJesus v. Yogel, supra, 48-49; Cohen v. Liberty Mut. Ins. Co., 41 Mass. App. Ct. 748, 752 (1996), and a new trial is in order.
Accordingly, the judgment for defendant Arbella Mutual Insurance Company is vacated and this action is returned to the Lowell Division for a new trial.
So ordered.

 At the commencement of trial, Boehm’s counsel properly attempted to introduce, pursuant to G.L.c. 233, §79G, Boehm’s medical records, reports and bills. Confusing §79 with §79G of G.L.c. 233, Arbella’s counsel objected to those records on the ground that they contained hearsay statements by Denton as to “liability,” i.e., statements that she had been injured in an automobile accident. The objection should have been overruled. Section 79 of G.L.c. 233 pertains solely to records kept by hospitals, clinics and other institutions and renders inadmissible anything contained therein which ‘has reference to the question of liability.” Boehm’s records were introduced, however, under §79G which renders itemized medical bills, records and reports admissible as evidence of, inter alia, the fair and reasonable charge for the medical services provided, the necessity of such services, and the opinion of the physician as to the proximate cause of the injuries in question. The trial judge admitted Boehm’s records with “restrictions,” a ruling which apparently excluded statements by Denton in the records as to the automobile accident which caused her injuries. But the judge also permitted Boehm to testify personally, without restriction, as to the medical history reported to him by Denton, including the cause of her injuries. Arbella has not appealed that ruling. Thus, we accept for its truth the account given by Denton to Boehm that she suffered injuries in an automobile accident.

 The trial judge denied Arbella’s Mass. R. Civ. R, Rule 41(b)(2), motion for involuntary dismissal at the close of Boehm’s case. In deciding such a motion, a judge may elect either to assess the legal sufficiency of the plaintiff’s evidence or to “weigh the evidence and resolve all questions of credibility, ambiguity and contradiction in reaching a decision.” Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979); Devito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49-50. In either case, the denial of such a motion indicates that the trial judge found sufficient evidence upon which Boehm could succeed. Thus there was an inconsistency between the denial of Arbella’s Rule 41 (b) (2) motion and the denial of Boehm’s warrant request. To preserve appellate review of that issue, however, Boehm should have filed in the trial court a motion to correct the inconsistency or a motion for a new trial. Diorio v. Bragan, 2000 Mass. App. Div. 29, 29-30. He did not do so.

 After the denial of its Mass. R Civ. R, Rule 41(b) (2), motion for involuntary dismissal at the close of Boehm’s case, Arbella rested. There was, therefore, no evidence at trial of non-cooperation by Denton or any other substantive defense to Boehm’s claim.