Brant, J.
This case arose from the sale of tropical fruits and produce by the plaintiff to the corporate defendant, Joshua Tree, Inc. (“Joshua Tree”). Individual defendants George E. Vickers and Cheryl A. Vickers (the ‘Vickers”) are, respectively, the president and treasurer of Joshua Tree.
The plaintiff delivered $4,486.58 worth of goods to Joshua Tree, which failed to make payment. The plaintiff filed a five-count complaint against the defendants. The first four counts, brought only against the corporate defendant, essentially alleged breach of contract. The fifth count, brought against all three defendants, sought recovery for violations of G.L.c. 93A.
None of the defendants answered the complaint, and all three were defaulted by the trial court upon proper motion by the plaintiff. A hearing was held for the assessment of damages. On the first four complaint counts, the court awarded damages against Joshua Tree in the contract amount of $4,486.68. On the G.L.c. 93A count, the court assessed $8,973.16 in double damages against the corporate defendant, plus costs and $2,620.00 in attorney’s fees. The court also found the Vickers to be liable on the G.L.c. 93A count, but assessed only $1.00 in damages.
The plaintiff filed a Mass. R. Civ. P. 59 motion to alter or amend the courts findings and judgment which requested the award of G.L.c. 93A damages against the individual defendants in an amount equal to at least the $4,486.58 single damages assessed by the court, or for double or treble that sum. The court denied the plaintiff’s motion, and this appeal followed.
We note initially that this case illustrates the dangers inherent in failing to answer a complaint. While the case appears at first glance to be a simple breach of contract action for one corporation’s failure to pay for goods sold and delivered by another corporation, the plaintiff has obtained a judgment against the corporate defendant for twice the contract price plus attorney’s fees for a willful and knowing violation of G.Lc. 93A The plaintiff now seeks additional damages against the corporate officers whose personal liability was alleged in the complaint, but is not obvious on its face.
By defaulting, the individual defendants gave the trial court no choice but to find against them. “Upon default under Mass. R. Civ. R, Rule 55(b), ... the factual *5 allegations of a complaint are accepted as true for purposes of establishing liability.” Multi Technology, Inc. v. Mitchell Mgm. Systems, Inc., 25 Mass. App. Ct. 33,334-335 (1998), quoting Productora e importadora de Papel S.A. de C. V. v. Fleming, 376 Mass. 826, 833-834 (1978). Once all of the defendants were defaulted, the trial judge properly proceeded to the question of damages and held an assessment hearing. The liability of the corporate defendant for the contract price was obvious. Further, it was permissible for the trial judge to find that the actions of the corporate defendant amounted to a knowing and wilful violation of G.L.c. 93A, which permitted the imposition of double damages. Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. Ct. 667, 677 (2001). “The allegation that the defendants never intended to pay for the services stated sufficient facts to constitute a claim for remedy under c. 93A.” Id. See also The Community Builders, Inc. v. Indian Motorcycle Ass’n, Inc., 44 Mass. App. Ct. 537, 560 (1998).
The trial judge also determined that the individual defendants were liable to the plaintiff. As we recently stated, “it is established that personal liability may be imposed for a corporate officer’s intentional misrepresentations, [citations omitted] or for unfair or deceptive acts in violation of G.Lc. 93A ...” Hoch v. Porrazzo, 2005 Mass. App. Div. 61, 62. Given the determination of the Vickers’ liability, the assessment of only $1.00 in damages against them was error. As provided in G.L.c. 93A, §11, recovery “shall be in the amount of actual damages, or up to three, but not less than two, times such amount if the court finds that the use or employment of the method of competition or the act or practice was a willful or knowing violation.” Based on his ruling as to their individual liability under G.L.c. 93A, the trial judge was required to assess at least actual damages against the Vickers in the contract amount of $4,486.50. Further, given the judge’s finding that the corporate defendant was liable for double damages, it necessarily follows that the individual defendants, who were the officers and active agents of the corporation, must be similarly liable.
Accordingly, the trial court’s judgment is vacated, and this case is returned to the Chelsea Division for the entry of an amended default judgment for the plaintiff on CountV of the complaint in the amount of $8,793.16, plus attorney’s fees, costs and interest, against all three defendants, jointly and severally.
So ordered.