Williams, P.J.
The defendants, Motorsport Engineering, Inc. (“Motorsport”) and Luigi Masciarelli (“Masciarelli”), individually and as president and treasurer of Motorsport, seek appellate review of a judgment entered against them after a bench trial[2] on claims arising out of their sale of a used Mercedes Benz automobile. Specifically, Motorsport asserts that a release barred the claims of the plaintiff, Kristen Williams (“Williams”), the purchaser of the car; that she did not qualify for relief under the used car “lemon law,” G.L.c. 90, §7N V4; and that, even if she had so qualified, the trial court’s award of damages violated that statute.
Masciarelli argues that the finding against him for misrepresentation was clearly erroneous. We hold that only Masciarelli’s appeal was perfected, and we reverse the judgment against him and dismiss the appeal of Motorsport.
Motorsport, located in Cohasset, sold a 1998 Mercedes Benz to Williams in June, 2002,[3] and provided her with the required G.L.c. 90, §7N V4 Limited Used Car Warranty. Williams soon had mechanical problems with the car, and returned with it to Motorsport several times during the following few months. The issue of whether the defects were related to the transmission was vigorously contested. In October, 2002, Williams, Motorsport, and Masciarelli signed a release by which Williams accepted a cash payment and an extended power-train warranty on the Mercedes Benz in exchange for her waiver of any potential claims against the *100 defendants. The trial court found for Williams on her claims against Motorsport for breaches of both the G.L.C. 90, §7NV4 and the power-train warranties, and against Masciarelli for misrepresentation.
1. The Notice of Appeal clearly indicates that only Masciarelli appealed the trial court’s judgment. Only he, and not Motorsport, is referred to in the notice,[4] which sets out six issues of law, four of which unequivocally pertain to Masciarelli’s personal liability. The other two issues, which address the release and the statutory warranty period, question whether Williams could have prevailed in the action at all, and are specific to neither Motorsport, nor Masciarelli.
‘The notice of appeal shall limit the scope of the appeal and shall contain: (1) a designation of the party or parties taking the appeal....” Dist./Mun. Cts. R. A. D. A., Rule 3(c). The only fair reading of the notice in this case is that Masciarelli appealed the judgment against him, but that Motorsport did not. See Palriwala v. Palriwala Corp., 64 Mass. App. Ct. 663, 667-669 (2005).[5]
2. The sole issue presented by this appeal, then, is whether the trial court could properly have found Masciarelli individually liable for misrepresentation. There is little question that Masciarelli, either individually or as an officer of Motorsport, was subject to personal liability for that tort. Tropical Banana Co. v. Joshua Tree, Inc., 2006 Mass. App. Div. 4, 5, citing Hoch v. Porrazzo, 2005 Mass. App. Div. 61, 62. Masciarelli’s arguments are that there was insufficient evidence to find him liable on that theory, and that, even if there had been sufficient evidence, the release barred Williams’s claim against him for any conduct arising from either her purchase of the Mercedes, or Motorsport’s sale of her Passat.
To prevail on a claim of misrepresentation, a plaintiff must demonstrate that the defendant falsely represented a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act on that representation, and that the plaintiff relied on the representation with resulting damage. See Chace v. Curran, 71 Mass. App. Ct. 258, 263 (2008), citing, inter alia, Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982). Williams argues that Masciarelli misrepresented to her that he lacked authority to accept the return of the Mercedes, that the issues of the materiality of the statement and of the reasonableness of Williams’s reliance on it were factual questions, and that the trial judge’s resolution of those questions cannot be lightly disturbed on appeal.
While such issues are questions of fact, see Sheehy v. Lipton Indus., Inc., 24 Mass. App. Ct. 188, 192 (1987), the trial judge in this case made no findings of fact. He denied all 102 proposed findings of fact from all parties, as he was entitled to do at the time this case was tried.[6] 31-35, LLC v. Zucco, 2008 Mass. App. Div. 14, 16 n.4. He also denied the two requests for rulings of law submitted by Motorsport *101 and Masciarelli that correctly set out the elements of fraudulent and of negligent misrepresentation and concluded with the proposed ruling that there was no evidence the defendants had made misrepresentations to Williams. The denial of what amounted to requests for required findings for the defendants on the misrepresentation claim constituted a ruling of law by the trial judge that there was evidence to support a finding in favor of Williams. Horgan v. Massachusetts Elec. Co., 1992 Mass. App. Div. 124, 126-127. The propriety of a ruling on the sufficiency of the evidence is a proper question of law for appellate review. Ideal Tape Co. v. FPS Fire Protection Sys., Inc., 1997 Mass. App. Div. 57, 58.
A review of the record discloses a lack of evidence upon which a fact finder could reasonably hold Masciarelli liable for misrepresentation. This is true even if we were to ignore Williams’s repeated testimony to the effect that the reason Motorsport would not accept the return of the Mercedes was that the warranty period had lapsed, and credit the slight evidence that Masciarelli told Williams he was not authorized to take the car back. There is simply no evidence that the “no-authority” statement was made for the purpose of inducing Williams to act on it, that she did rely on it for any purpose, or that she sustained any damages as a result of the misrepresentation, if such it was.[7] Although Williams argues[8] that the trial court could have found that Masciarelli’s statement was material to her decision to sign the release, there is no evidence of that. Her testimony was, instead, that she believed that she could not return the car because she was told the warranty period had expired. Evidence sufficient to support a finding that all the elements of misrepresentation were proved is lacldng, and we conclude that the finding against Masciarelli on that theory is clearly erroneous. See Choice Health Douglas Inv. Group, Inc. v. Devcon Enters., Inc., 2007 Mass. App. Div. 136, 138. Thus, even if we were to accept that there was some evidence to support a finding that Masciarelli had made the “no-authority” statement, we are left, on the basis of the entire evidence, with the definite and firm conviction that a mistake has been committed. See Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass. App. Ct. 29, 36 (2008). The trial court’s finding against Masciarelli for misrepresentation must be reversed. Given that outcome, we do not reach the issue of the effectiveness of the release.
Williams seeks appellate attorney’s fees on the ground that this appeal was frivolous. We decline to award such fees.
*102 The judgment in favor of Williams against Motorsport is affirmed, and so much of the appeal as purports to be that of Motorsport is dismissed. The judgment in favor of Williams against Masciarelli for misrepresentation is reversed and vacated, and judgment in favor of Masciarelli on the count for misrepresentation is to be entered.
So ordered.

 This Hingham case was tried July waived in the Brockton District Court.

 When she bought the Mercedes, Williams owned a 1997 Volkswagen Passat, which Motorsport would not take in trade, but offered to sell for her. The parties disagreed at trial as to whether Motorsport would repair the Passat before offering it for sale and whether Williams had stipulated a minimum sales price, hi any event, the car was sold at a price unsatisfactory to Williams, resulting in her claim that Motorsport had converted the proceeds of the sale of the Passat.

 By contrast, every other filing in the record by the defendants — answer, motion for “directed verdict,” and requests for findings and rulings — was plainly designated as made on behalf of both Motorsport and Masciarelli.

 See also Animal Legal Defense Fund, Inc. v. Fisheries & Wildlife Bd., 416 Mass. 635 n.1 (1993), citing Filios v. Commissioner of Revenue, 415 Mass. 806, 807 n.2 (1993); Bateman v. Consolidated Rail Corp., 45 Mass. App. Ct. 916, 918 (1998); Board of Appeals of Rockport v. DeCarolis, 32 Mass. App. Ct. 348, 351 (1992).

 See, however, the March 1,2008 amendment of Mass. R. Civ. R, Rule 52.

 Williams’s testimony twice mentions, without elaboration, Masciarelli’s statement that he was not authorized to take back the car. When asked whether she had asked Masciarelli to take the car back, Williams replied that she had, and that he — she believed it was “Luigi” and that the conversation was in September — had told her he was not authorized to do so. Later, Williams was asked how many times before August 19, 2002 she had asked to return the car. She had done so twice, the second time being the “no-authority” occasion.

 We note that Williams’s brief on this issue barely attains the level of acceptable appellate argument, consisting as it does of a boilerplate definition of misrepresentation followed merely by bare assertions, without reference to the record, that determinations of materiality, reliance, the reasonableness of reliance, and whether the vehicle warranty was still in effect when the release was signed were questions of fact and not of law. See Fronk v. Fowler, 71 Mass. App. Ct. 502, 511 n.12 (2008).