Merrigan, J.
The defendant Liberty Mutual Insurance Co., insurance carrier, appeals from the judgment entered in the District Court. The points on appeal are whether the trial judge committed error in denying three requests for rulings sub- *303 milled by the insurance carrier. They are:
1. The evidence warrants a finding that any damage inflicted to the ignition was cosmetic only, and was of no use beyond giving the false impression, to the uninitiated, that the ignition had been forced. (No. 6)
2. The evidence warrants a finding that no theft of the plaintiffs vehicle occurred. (No. 8)
3. The evidence warrants a finding that the defendant did not breach its contract of insurance with the plaintiff. (No. 9)
Normally, any request for ruling that is framed as a “warrant” request must be allowed where any view of the evidence, credibility aside, would allow recovery by the requesting party. Canty v. Arbella Mutual Ins. Co., 1998 Mass. App. Div. 32. Here, the underlying suit was by Michele Mercier, the insured, against the insurance carrier because it refused to pay for repairs to Mercier’s car. She was seeking payment for repairs as a result of the vehicle being stolen. At trial, Mercier testified and told her story of her stolen motor vehicle. The insurance carrier presented an expert who testified that the ignition and steering column showed no sign that they had been tampered with or otherwise “defeated.” It was the expert’s opinion that the motor vehicle had been operated with a key. The insurance carrier also presented testimony from the insurance adjuster. The adjuster offered his opinion that the vehicle was not the subject of a genuine theft. The desired inferences from the evidence presented by the insurance carrier were that the motor vehicle had not, in fact, been stolen and that Mercier was attempting to make a fraudulent claim.
On this evidence, it was error to deny the requested rulings. If the insurer carrier’s witnesses were believed and Mercier disbelieved, then the evidence was legally sufficient to warrant a finding for the insurance carrier. However, this error is without prejudice. Where the trial judge wrongly denies a warrant requests but makes written findings, as he did here, that demonstrate that he understood and properly applied applicable principles of law, but disbelieved the evidence of the party whose warrant requests were denied, then there is no prejudice. ‘The denial of a warrant request is proper and will be sustained on appeal only when (1) the evidence is legally insufficient to permit a finding for the requesting party, and a finding in favor of the opposing party is thus required as a matter of law; or (2) the trial judge makes written findings of fact which demonstrate that the court’s ultimate finding or judgment was based on its assessment, as fact-finder, of the weight and credibility of the evidence, rather than on an erroneous ruling as to the legal insufficiency of the evidence for the requesting party.” Canty v. Arbella Mutual Ins. Co., supra. The findings made by the trial judge make it clear that he believed that the vehicle was stolen and that he rejected as not credible the testimony of the witnesses presented by the insurance carrier.
The appeal is dismissed.