Brennan, J.
Aggrieved by the trial judge’s finding in the plaintiff’s favor, the defendant commenced this appeal pursuant to Rule 8C of the District/Municipal Courts Rules of Appellate Division Appeal. The facts and issues necessary for an understanding of this appeal are as follows. The plaintiff brought a complaint in the District Court of Springfield on December 23, 1994 for injuries that she claimed occurred when she slipped and fell at defendants property.
Essentially, plaintiff claims that while shopping for produce at Big Y Foods (hereinafter, the defendant) she slipped on a yellow triangular sign that was laying flat on the floor in the produce aisle. As a result of slipping on the sign, the plaintiff fell onto her hands and knees.
The case was heard on June 16,1997 and on January 11,1999. On September 28,1999 the Court issued Findings awarding the plaintiff $37,500.00 with interest and costs. The defendant argues that there was insufficient evidence presented to support a finding of liability and that there was no evidence presented establishing any causal connection between the alleged accident and plaintiffs injuries. Defendant seeks reversal of the court’s decision regarding liability or, in the alternative, an order that the case be remanded with instructions to reduce the award of damages. The essence of the defendants appeal is a challenge to the sufficiency of the evidence to support the trial judge’s finding for the plaintiff.
Mass; R Civ. E, Rule 64(b) (2), provides, in part, that in order to obtain a ruling that the evidence is insufficient as a matter of law in order to permit a general finding in favor of the opposing party, the party claiming to be aggrieved must file a request for ruling of law, stating that the evidence as presented does not warrant a finding for the opposing party and that a ruling in his favor is, in feet, required as a matter of law. In the present case, both parties submitted Requests for Rulings of Law. Plaintiff submitted a request that “There is no evidence to warrant a finding for the Defendant” This request was endorsed “Allowed” by the Trial Judge. This ruling was in error. The record reflects that there was evidence that the floor was clean and dry and that there was no foreign substance on the floor at the time of the plaintiffs felL However, in order to recover it was necessary for the trier of feet to believe the plaintiffs testimony. If the trier of feet did not believe the plaintiffs testimony, then there was evidence to warrant a finding for the defendant Clearly, the trial judge’s ruling on this particular Request for Ruling of Law is inconsistent with the evidence. There was evidence that a feet finder could have relied on which would have permitted a finding for the defendant Accordingty, the ruling of the trial judge that there was no such evidence was prejudicial error.
The judgment is reversed and the case is remanded for retrial.