McCallum, J.
The plaintiff-tenant, Cynthia Shaw Rader (“Rader”), commenced this action to recover damages for defective conditions that existed in an apartment she rented from the defendant, James P. Odermatt (“Odermatt”). Rader’s complaint asserted claims for Odermatt’s breach of the covenant of quiet enjoyment, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of the warranty of habitability, negligence, violation of the state sanitary code, unfair and deceptive acts in violation of G.L.c. 93A, and violations of the security deposit law, G.L.C. 186, §15B.
After Rader’s counsel’s opening statement at the jury trial, the judge directed a verdict for Odermatt on the security deposit law count. At the close of all the evidence, the court directed a verdict in favor of Odermatt on Rader’s claim for sanitary code violations. The jury returned verdicts in favor of Rader for Odermatt’s breach of the covenant of quiet enjoyment and intentional infliction of emotional distress, and awarded damages on those claims for, respectively, $2,250.00 and $2,750.00. The jury found in favor of Odermatt on the counts for breach of the warranty of habitability, negligence, and negligent infliction of emotional distress. The trial judge, who had reserved the G.Lc. 93A claim for himself, initially found that Odermatt had violated the statute. The judge subsequently allowed Odermatt’s motion to dismiss the G.L.c. 93A count, ruling that the relationship between the parties was private and not connected with Odermatt’s trade or business. The trial judge also awarded attorney’s fees to Rader in the amount of $12,000.00. Odermatt filed a motion to alter or amend the judgment on the grounds that the damages awarded by the jury were cumulative, and that the amount of the attorney’s fees assessed by the trial judge was unreasonable. The judge denied the motion, and Odermatt filed this appeal.
There was no error.
1. Damages. The trial judge found that in February, 2000, Rader, a sixty-five year old woman, rented an apartment from Odermatt, who lived in the apartment below. In November, 2005, the furnace in Rader’s apartment malfunctioned, causing oil to spill onto the porch and patio furniture. In December, 2005, Rader suffered headaches and vomiting when her apartment filled with carbon dioxide. *155 She was forced on that winter night to turn off the heat and sleep in a cold apartment. On December 12,2005, Rader complained that hot brown water was spurting from the pipes. Odermatt scheduled repairs on December 30, 2005, and then postponed them. Rader refused to agree to the postponement. That same night, Odermatt slammed a door in his apartment, repeatedly, for at least thirty minutes. Rader was terrified. In March, 2006, Rader was awakened in the middle of the night by Weymouth police officers, who informed her that they were responding to her call that Odermatt was threatening her. Rader had not, however, called the police. That call had been made from Odermatt’s apartment. Terrified yet again, Rader barricaded herself in her apartment. As a result, Rader’s medication for depression and anxiety had to be increased.
At trial, the jury was asked to return a separate verdict on each count. Odermatt failed to request a special verdict. See Mass. R. Civ. R, Rule 49. Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 788 (1996) (failure to request special verdict question before jury retires may constitute waiver of right to special question). The judge instructed the jury on the elements of each claim and the measure of damages to be assessed on each claim. Odermatt made no objection to the charge as delivered before the jury retired and, therefore, cannot claim appellate relief on the basis of error in the instructions. Mass. R. Civ. R, Rule 51(b). The jury awarded three months’ rent as damages ($2,250.00) under the quiet enjoyment statute. Section 14 of G.L.c. 186 provides that any landlord who “directly or indirectly interferes with the quiet enjoyment of any residential premises” shall be liable for “actual and consequential damages or three months’ rent, whichever is greater.” While the statute does not require proof that a defendant’s conduct in failing to correct unsanitary conditions in a plaintiff’s apartment was intentional, it does require proof that the defendant’s conduct caused a serious interference with the plaintiff’s quiet enjoyment of the premises. Simon v. Solomon, 385 Mass. 91, 102 (1982). We conclude that the evidence in this case was sufficient to sustain a verdict for breach of the covenant of quiet enjoyment.
The jury award of $2,750.00 on the intentional infliction of emotional distress count is also supported by the evidence. “[Ojne who, by extreme and outrageous conduct and without privilege, causes severe emotional distress to another is subject to liability for such emotional distress even though no bodily harm may result.” Agis v. Howard Johnson Co., 371 Mass. 140, 144 (1976). To recover on this claim, “ [i] t must be shown (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was ‘extreme and outrageous,’ was ‘beyond all possible bounds of decency1 and was ‘utterly intolerable in a civilized community’; (3) that the actions of the defendant were the cause of the plaintiff’s distress; and (4) that the emotional distress sustained by the plaintiff was ‘severe’ and of a nature ‘that no reasonable man could be expected to endure it” (citations omitted). Id. at 144-145. The jury was warranted in finding that the postponement of the sanitary code repairs to Rader’s apartment, slamming doors for half an hour in the middle of the night, and making false reports to police about Rader constituted “extreme and outrageous” conduct that caused Rader to suffer emotional distress.
Rader did not recover for the same wrong under each theory. The verdicts represented an assessment of the monetary consequences of separate actions by *156 Odermatt, that is, his failure to make timely repairs of unsanitary conditions in Rader’s apartment on the one hand, and his intentional, reprehensible acts that caused emotional distress to Rader on the other. See Simon, supra at 108. The judge correctly determined that the evidence supported an independent finding by the jury on each count. The jury appropriately applied the correct measure of damages on each count. Odermatt did not request a jury instruction on duplication of damages. See Jenkins v. Ellis, 2008 Mass. App. Div. 109, 111.
2. Attorney’s fees. The award of attorney’s fees in this case was neither excessive, nor unreasonable. The payment of attorney’s fees is authorized explicitly by G.L.c. 186, §14. “An unsuccessful defendant is liable for the ‘costs of the action, including a reasonable attorney’s fee.’” Darmetko v. Boston Hous. Auth., 378 Mass. 758, 763 (1979), quoting G.L.c. 186, §14. The amount of attorney’s fees to be awarded lies largely in the discretion of the judge. Berman v. Linnane, 434 Mass. 301, 302-303 (2001). The trial judge made detailed findings as to his fee award in this case, following the guidelines set out in Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). We conclude that the trial judge’s award of attorney’s fees was a proper exercise of his broad discretion.
Judgment affirmed.
So ordered.