Brant, J.
This case illustrates why very few people mourn the repeal of former Mass. R. Civ. P., Rule 64A, which required district court judges to respond to requests for rulings of law filed by litigants in civil cases. Today, the problem described in this opinion would not exist because the judge would be required to issue written findings. Mass. R. Civ. R, Rule 52(c).
Theresa Sapienza-Cote (“Sapienza-Cote”) signed a one-year lease for an apartment in a building in Wakefield owned by Colonial Point Phase I Realty Company (“Colonial”) and managed by Carabetta Management Company (“Carabetta”) with the tenancy beginning October 15, 2005. The weather during the period after Sapienza-Cote moved into the apartment was exceptionally rainy, and she noticed leaks in the apartment immediately. Sapienza-Cote complained about the leaks to Carabetta, which attempted to do necessary repairs, but the leales reappeared shortly after the repairs had been attempted.
Concerned about the health effects from her apartment being wet much of the time, Sapienza-Cote arranged for a mold inspector to inspect the apartment. The inspector sent a copy of her report to Carabetta, which did not respond. After receiving no response, Sapienza-Cote terminated her tenancy and moved out on December 31, 2005.
After moving out, Sapienza-Cote sent Carabetta a G.L.c. 93A letter demanding $15,000.00 in damages for having had to live with the leaks and because of the alleged health effects of mold. Carabetta responded to the c. 93A letter by denying liability.
Sapienza-Cote brought a six-count complaint against Carabetta, Colonial, and Fred Levitan (“Levitan”), the agent for Carabetta, alleging a breach of the warranty of habitability, breach of the warranty of quiet enjoyment, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and violation of c. 93A. The defendants answered and brought a counterclaim for rent. Before trial, Sapienza-Cote dismissed Levitan from the case and dismissed her counts for *43 negligent and intentional infliction of emotional distress. The remaining defendants dismissed their counterclaim.
The case went to trial, jury waived, on the remaining counts of the complaint. Sapienza-Cote testified about her experience with the leaks in the apartment. She presented an expert witness to describe the mold that the expert had found during an inspection of the apartment. Carabetta presented testimony about its efforts to fix the leaks in the apartment and called a chemist as an expert to say that any mold in the apartment was of minor concern and could easily be washed away.
The judge did not issue a written decision. Rather, he simply found for Sapienza-Cote on her breach of the warranty of habitability claim, awarded her $1,000.00 on that count, and found for the defendants on the other counts.
Sapienza-Cote has appealed the denial of two of her requests for rulings. Both of the requests were warrant requests, one concerning the warranty of quiet enjoyment and the other relating to the c. 93A claim. The request in each case states that the evidence warrants a finding in her favor.
Mass. R. Civ. E, Rule 64A, before its repeal on March 1, 2008, required parties to file requests for rulings of law in order to preserve appellate rights. We have recently stressed the importance of such requests for rulings of law. Ebner v. McMahon, 2008 Mass. App. Div. 253, 254; Keystone Montessori Sch., Inc. v. Maloney, 2008 Mass. App. Div. 175, 177. The warrant request, which bedeviled trial judges for generations, was a request for a finding that the evidence permitted a finding for the requesting party. “It is elementary that a ‘warrant’ request seeks a ruling of law that the evidence introduced at trial would merely permit, not require, a finding in favor of the requesting party.” Provenzano v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 68, 70. Thus, “a ‘warrant request must be allowed where any view of the evidence, credibility aside, would allow recovery by the requesting party.” Id., quoting Mercier v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 302, 303. The problem is that a trial judge was supposed to allow a warrant request if any view of the evidence might support such a finding even if the judge were ruling for the other party and against the party filing the request. Reporters’ Notes to Mass. R. Civ. P., Rule 64A (2007). This counterintuitive mode of response “historically ... plagued appeal of requested rulings.” Id.
In alleging a breach of the warranty of quiet enjoyment, Sapienza-Cote was required to prove that Carabetta had acted negligently in not alleviating conditions that prevented her from enjoying her apartment. Jablonski v. Casey, 64 Mass. App. Ct. 744, 748 (2005). She presented evidence of the leaks and also the results of an inspection finding the presence of mold. Since the leaks persisted after Carabetta’s efforts and a fact finder could have believed that mold representing a danger to Sapienza-Cote’s health grew in the apartment as a result, there was a prima facie case for negligence. If believed, this evidence made out a case for a serious interference with Sapienza-Cote’s quiet enjoyment of the premises. See Rader v. Odermatt, 2008 Mass. App. Div. 154, 155. The warrant request on the breach of the warranty of quiet enjoyment should have been allowed even though the judge found that Sapienza-Cote’s evidence did not satisfy her burden of proof.
Similarly, the defects alleged and Carabetta’s inability to remedy them could have been found to have violated c. 93A. While a violation of c. 93Awill often involve intentionally or recklessly deceptive acts by a landlord, that is not required. Dolben Co. v. *44 Friedmann, 2008 Mass. App. Div. 1, 4. A fact finder could have found that Carabetta’s actions constituted unfair or deceptive acts. The warrant request on the c. 93A violation should have been allowed even though the judge did not find that a violation of c. 93A had been proved.
The question for us is whether the error in denying warrant requests that should have been allowed, even if the judge were finding for Carabetta, requires reversal here. “[Tjhe erroneous denial of a warrant request does not require reversal when the judge’s findings indicate that his ultimate decision was properly based on an assessment of the weight and credibility of the evidence rather than on an erroneous conclusion that the evidence was legally insufficient to permit a finding in favor of the requesting party.” Provenzano, supra.
In this case, the evidence was contested. Carabetta’s witnesses described their efforts at fixing the water leaks, and its expert challenged the conclusion of Sapienza-Cote’s expert concerning the dangers of any mold present in her apartment. Had the judge issued written findings supporting his decision in favor of Carabetta on the breach of quiet enjoyment and c. 93A counts, he likely would have been affirmed. See Avalon Oaks v. King, 2007 Mass. App. Div. 174 (affirming judgment for landlord where tenant, utilizing same expert Sapienza-Cote hired in this case, alleged presence of mold in her apartment). The trial judge was in the best position to judge the credibility of the witnesses, both those testifying about the leaks and the efforts to repair them and the dueling experts disagreeing about the significance of mold in the apartment.
Nevertheless, the judge did not issue any findings, and we are constrained to reverse and send the case back to the Malden Division for a new trial. We are hopeful that with the repeal of Mass. R. Civ. P., Rule 64A, this case represents one of the last times we are asked to do so because of an improper response to a warrant request.
Accordingly, the court’s judgment for the defendants on Counts II and VI is reversed, and this case is remanded to the Malden Division for a new trial.
So ordered.