DAVIS, MALM & D'AGOSTINE, P.C. *vs.* FRANK C. LAHNSTON.

No. 11-P-35.

Suffolk. January 17, 2012. - July 25, 2012.

Present: TRAINOR, MILKEY, & AGNES, JJ.

*Practice, Civil,* Appeal, Appellate Division: appeal, Requests for findings and
rulings, Waiver. *Boston Municipal Court. District Court,* Appellate Division.

In the circumstances of a civil action that was tried jury-waived in Boston
Municipal Court, the defendant waived any claim of error, where he failed
to preserve such a claim with regard to any ruling by the trial judge in his
appeal to the Appellate Division, in that all the requests that the parties
submitted to the trial judge were in the form of so-called "warrants"
requests. [257-260]
Statement that the use of so-called "warrants" requests, which are neither
required nor even authorized by statute or rule, was rendered superfluous
and effectively eliminated by the repeal of Mass.R.Civ.P. 64A, and amend-
ment of Mass.R.Civ.P. 52(c), for any purpose in civil practice in jury-
waived trials as a vehicle for challenging the sufficiency of the evidence or
as a substitute for proposed findings of fact or rulings of law. [260-262]


CIVIL ACTION commenced in the Central Division of the Boston
Municipal Court Department on November 13, 2007.

The case was heard by *Raymond G. Dougan, Jr.,* J.

*John T. Lamond* for the defendant.

*Robert E. Fierman* for the plaintiff.

AGNES, J. Until 2008, Mass.R.Civ.P. 64A required a party in a
civil case tried in the Boston Municipal Court and District
Court departments, to file a special type of request for a ruling
of law known as a "warrants" request in order to preserve for
appellate review a challenge to the sufficiency of the evidence
offered by the party with the burden of proof.[1] These were

---

[1]Mass.R.Civ.P. 64A, adopted in 1974, 365 Mass. 816 (1974), and repealed
November 28, 2007, effective March 1, 2008. See 2008 Reporter's Notes to
Mass.R.Civ.P. 52(c), 46 Mass. Gen. Laws Ann. at 209 (Supp. 2012) ("The

requests that the evidence "warrants a finding for the requesting party" or "does not warrant a finding for the opposing party."[2] Under current practice, the sufficiency of the evidence in a jury-waived trial conducted in the Boston Municipal Court and District Court departments may be challenged and the question preserved for appeal without the need to use the warrants request. Instead, a party may file a motion for involuntary dismissal under Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974), or submit proposed findings of fact and rulings of law. See Mass.R.Civ.P. 52(c), as appearing in 450 Mass. 1404 (2008). See also Perlin and Connors, Civil Procedure in the Massachusetts District Court § 12.6 (4th ed. 2009) (Handbook of Civil Procedure). In this case, the parties resorted to the use of warrants requests and thereby resurrected the problems that led to the abolition of Mass.R.Civ.P. 64A and warrants requests.

The parties' use of warrants requests in the present case, as an alternative to a rule 41(b)(2) motion or properly formulated proposed findings of fact or rulings of law, provides an appropriate occasion for this court to consider whether a request for a ruling of law under rule 52 may be framed as a warrants request in jury-waived proceedings in Massachusetts. Our review of the applicable authority leads to the conclusion that warrants requests are no longer a valid method for obtaining a ruling of law under modern civil practice. In order to preserve issues of law for review by the Appellate Division, see G. L. c. 231, § 108, a party is merely required to submit proposed findings of fact and rulings of law. See Handbook of Civil Procedure § 12.8 ("With the repeal of Mass.R.Civ.P. 64A and its requirement of requests for rulings, a significant source of confusion and procedural error has been eliminated from the process of

repeal of [r]ule 64A also eliminates the provisions regarding 'warrants' requests"). The requirements of the amended rule 52(c) are, inter alia, applicable "in actions commenced between August 31, 2004[,] and March 1, 2008[,] where the 'procedural step' at issue occurs after March 1, 2008." Perlin and Connors, Civil Procedure in the Massachusetts District Court § 9.31, n.90 (4th ed. 2009). Since the present case was commenced on November 13, 2007, and the trial occurred in June of 2009, the amended rule 52(c) applies.

[2]See 2008 Reporter's Notes to Mass.R.Civ.P. 52(c). See also *Stigum* v. *Skloff*, 433 Mass. 1011 (2001) (failure to use the form required by rule 64[b][2] was fatal to the plaintiff's challenge to the sufficiency of the evidence in a jury-waived trial in the Boston Municipal Court).

appeal to the Appellate Division in jury-waived cases" [footnote omitted]).

*Factual background.* The essential dispute underlying this case was whether the defendant, Frank C. Lahnston, or Celus Fasteners Corporation (Celus), a company of which Lahnston was the primary shareholder, owed attorney's fees for work that the law firm Davis, Malm & D'Agostine, P.C. (Davis, Malm) performed regarding a proposed sale of Celus's assets. Davis, Malm did legal work regarding the sale of Celus's assets between April of 2006, and January of 2007. At trial, Lahnston claimed that, prior to the parties' written representation agreement, Attorney Michael Malm, a partner at Davis, Malm, said that he was going to represent Celus in this matter. However, early in the representation, Davis, Malm sent Lahnston an agreement setting out Davis, Malm's terms of representation, including billing policies and a request for a retainer. Portions of the agreement, which was addressed to "Frank Lahnston," provided strong evidence that Lahnston was the party represented by Davis, Malm.[3] Lahnston signed the document and appended the term "Treas." to his signature.

Attorney Malm testified that he did not notice this addition until it came time to collect the bill. He also indicated that he did not know whether Lahnston had the authority to represent the company. During the course of representation, Attorney Malm initially believed that Lahnston was the sole stockholder of Celus, but later learned that there was another record stockholder. In addition, Lahnston's initial retainer and all subsequent payments tendered to Davis, Malm were paid from an account of a realty trust or company personally owned by Lahnston, not from Celus's bank account. However, Attorney Malm indicated that he never told Lahnston that he would be individually liable for attorney's fees.

---

[3]The agreement started as follows: "Dear Frank: This letter will set forth the basic terms of our engagement by you in connection with the sale of Celus Fasteners Manufacturing, Inc." In a section entitled "Scope of Engagement," the agreement stated: "You have requested that we represent you in connection with sale of the assets of the Company. Our services will include providing legal counsel to you with respect to the sale." It further stated: "I would ask that you provide my firm with a payment of $5,000 to serve as a retainer." Other portions of the agreement contain similar language.

*Procedural history.* After a bench trial on June 10, 2009, judgment was entered on June 23, 2009, holding Lahnston liable to Davis, Malm for attorney's fees and awarding judgment to Davis, Malm on Lahnston's counterclaims. Sometime between the end of the trial and June 23, Davis, Malm filed with the clerk-magistrate a document entitled "Plaintiff's Requests for Rulings" (Davis, Malm's submission) and Lahnston filed a document entitled "Defendant's Amended Requests for Findings of Fact and Rulings of Law" (Lahnston's submission).[4] Both documents contain a list of statements that all begin with the phrase "[t]he evidence is sufficient to find . . . ." The trial judge issued a "Response to Plaintiff's Requests for Rulings" on or around June 22, 2009. In this document, the judge responded to both Davis, Malm and Lahnston's submissions, and summarily responded to all twelve items in Davis, Malm's submission by stating "1-12. Allowed." As for Lahnston's submission, the judge stated "allowed" in response to some of the items and "[t]he evidence is sufficient but the court does not so find" in response to others.[5] The record indicates that the trial judge ordered judgment for the plaintiff on its complaint and judgment for the plaintiff on the defendant's counterclaim.

Lahnston appealed the judgment to the Appellate Division of the Boston Municipal Court. See G. L. c. 231, § 108. The Appellate Division's decision, issued on December 2, 2010, affirmed the judgment below on the merits, finding that Lahnston was not exempt as a matter of law from personal liability, and that there was ample evidence at trial to support a finding for Davis, Malm. Lahnston further appealed the Appellate Division's decision to this court in an effort to challenge the sufficiency of the evidence, among other things. See G. L. c. 231, § 109. See also *Fijal* v. *Anderson*, 49 Mass. App. Ct. 903 (2000).

*Discussion.* 1. *Lahnston failed to preserve a question of law for review.* Neither party requested that the trial judge make any

---

[4]Both documents are dated June 10, 2009, but the transcript suggests that they were filed sometime later.

[5]Even if Lahnston's requests were deemed valid requests for rulings of law, the trial judge's responses were improper because the judge did not make his own independent findings of fact. Instead, the judge endorsed sixteen of the defendant's requests as follows: "The evidence is sufficient but the court does not so find." See *Richards* v. *Gilbert*, 336 Mass. 617, 618 (1958).

findings of fact, and the judge did not make any findings of fact on his own as permitted by Mass.R.Civ.P. 52(c).[6] The requests submitted by the parties were exclusively in the form of warrants requests ("the evidence is sufficient to find . . ."). All of the plaintiff's requests and most of the defendant's requests mix a statement about the sufficiency of the evidence with a statement of law accompanied by citations to legal authorities. None of the submissions constitutes a proposed finding of fact. See *Stella* v. *Curtis*, 348 Mass. 458, 461 (1965). None of the submissions constitutes a proposed ruling of law.[7] Instead, the parties' requests were an effort to obtain rulings "which are not decisive of any general or special issue in the case. They would not be tolerated as requests for instructions to a jury, and they have no better standing as requests for rulings in a trial without jury." *Id.* at 463. Even if each and every one of the requests submitted by both sides had been allowed without reservation, the judge would not have been compelled to enter judgment for one side or the other on either the claim or the counterclaim. Likewise, if it was the intention of the parties to obtain from the judge rulings of law, the requests were not in the proper form.[8] One option available to the judge was to take no action on the submissions

---

[6] Rule 52(c) of the Massachusetts Rules of Civil Procedure, as appearing in 450 Mass. 1404 (2008), reads in part as follows: "In all actions tried upon the facts without a jury, . . . the court shall find the facts specially and state separately its conclusions of law thereon, provided that any party submits before the beginning of any closing arguments proposed findings of fact and rulings of law." The 1996 and 2008 Reporter's Notes to this rule explain that rule 52(c), unlike rule 52(a) governing procedure in the Superior Court, does not require the judge to make findings of fact in cases tried without a jury when there is no request for the same by the parties. "A judge in the District Court or Boston Municipal Court may make findings and rulings, sua sponte, even where doing so is not required by this rule." 2008 Reporter's Notes to Mass.R.Civ.P. 52(c).

[7] "Generally, a request for ruling is a simple statement of a correct principle of substantive or procedural law, pertinent to the issues and applicable to the evidence which should govern the trial judge's resolution of the factual disputes in a case." *Cooperstein* v. *Turner Bros. Constr., Inc.*, 1992 Mass. App. Div. 249, 251 (1992), citing *Snyder* v. *Rosen*, 342 Mass. 116, 118 (1961). However, prior to the adoption of the Massachusetts Rules of Civil Procedure, at least some of the defendant's requests would have qualified as requests for rulings of law, because judges in jury-waived proceedings were not required under any circumstances to make findings of fact. See, e.g., *Stella* v. *Curtis*, *supra* at 461-462.

[8] The Appellate Division considered whether Lanhston's signature on the

and simply enter a general finding for the plaintiff. See Mass.R. Civ.P. 52(c), first sentence. However, it was irregular for the judge to "allow" some of Lahnston's warrants requests without qualification, and others with the statement "[t]he evidence is sufficient but the court does not so find," because the judge made no independent findings of fact or rulings of law.[9] In summarily adopting Davis, Malm's submissions and responding to Lahnston's submissions as one would respond to a request for rulings under former Mass.R.Civ.P. 64A, the trial judge failed to place a "badge of personal analysis" sufficient to make the rulings clearly the court's own. See *Cormier* v. *Carty*, 381 Mass. 234, 237-238 (1980). Nevertheless, the judge's action was not inconsistent with his general finding in favor of the plaintiff. See *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.*, 332 Mass. 383, 387-388 (1955).

In the circumstances of this case, the defendant did not preserve the legal question of the sufficiency of the evidence in support of the finding for the prevailing party. This, in turn, left the Appellate Division without a legal question to review. See G. L. c. 231, § 108 (when it is shown that "there has been prejudicial error in the ruling complained of [the Appellate Division] may reverse, vacate or modify the same or order a new trial in whole or part"). See also *Butler* v. *Cromartie*, 339 Mass. 4, 6 (1959) ("A party may claim a report to the Appellate Division only with respect to a ruling of law and not to a finding of fact");

---

engagement letter, "/s/ Frank Lahnston, Treas.," exempted him from personal liability on the contract. As a matter of law, the mere addition of a phrase such as this accompanying a person's signature does not preclude personal liability. See *Norfolk County Trust Co.* v. *Green*, 304 Mass. 406, 407 (1939). Even if this issue were preserved, based on our review of the transcript of the trial, there is ample evidence to support the Appellate Division's conclusion and the judge's implied finding of fact that Lahnston was personally liable under the contract.

[9]See note 5 *supra*. Under rule 52(c), "when the court makes a ruling in response to a party's request for a ruling (as opposed to merely allowing or denying a *requested* ruling under the previous procedure), that ruling must be that of the court." Handbook of Civil Procedure, *supra* at § 9.31. As the Chief Justice of the District Court stated: "When a judge adopts a significant portion of the prevailing party's proposed findings and rulings, it is particularly important that they reflect that they are the product of the judge's independent judgment, since those that do not bear a 'badge of personal analysis' are subject to stricter appellate review." Memorandum from the Chief Justice of the District Court. *Id.* at n.94.

*Addis* v. *Steele*, 38 Mass. App. Ct. 433, 435 n.7 (1995), quoting from *Elliott* v. *Warwick Stores, Inc.*, 329 Mass. 406, 409-410 (1952) ("[T]he authority of the Appellate Division is 'limited to the review of rulings which have been reported and to matters of law arising in connection with the making of reports' ").[10] In such a case, the Appellate Division could have simply dismissed the report. See *Reliable Finance Corp.* v. *Baldrate*, 291 Mass. 150, 152 (1935). Therefore, because Lahnston did not preserve a claim of prejudicial error with regard to any ruling by the trial judge in his appeal to the Appellate Division, he cannot raise an issue for the first time here. See *Gossels* v. *Fleet Natl. Bank*, 453 Mass. 366, 376 (2009); *Brossi* v. *Fisher*, 51 Mass. App. Ct. 543, 550 (2001).[11]

2. *Warrants requests are no longer valid.* The parties' misuse of a specialized form of a request for a ruling of law that was rendered obsolete by the repeal of Mass.R.Civ.P. 64A, see note 1, *supra*, demonstrates the need to clarify the effect of recent rule changes on Massachusetts civil practice. The current practice under Mass.R.Civ.P. 52(c) makes the use of the warrants request unnecessary because a party may compel a judge sitting in a jury-waived session of the District Court or Boston Municipal Court department to make findings of fact and rulings of law, and the judge may make such findings and rulings even in the absence of a request. The warrants request was first recognized in the 1930s as a tool of the civil practitioner to enable a party in a jury-waived proceeding, where judges were not required to make findings of fact, to obtain a ruling of law on the sufficiency of the evidence and thus an appealable issue. See *L. Grossman Sons, Inc.* v. *Rudderham*, 319 Mass. 698, 699 (1946), discussing *Bresnick* v. *Heath*, 292 Mass. 293 (1935).[12,13]

---

[10]For a thorough discussion and explanation of practice and procedure before the Appellate Division of the Boston Municipal Court and District Court departments, see Handbook of Civil Procedure, *supra*, chapter 12.

[11]The Appellate Division's decision in this case does not address any other issues, including the over-all sufficiency of the evidence, and does not discuss any of the trial judge's other responses to the parties' submissions besides the one relating to the significance of the addition of "Treas." Since the parties have not provided us with the briefs that they submitted to the Appellate Division, we will not speculate whether additional issues were raised but not addressed by the Appellate Division.

[12]*Bresnick* v. *Heath*, 292 Mass. 293 (1935), was a motor vehicle tort case in

Davis, Malm & D'Agostine, P.C. *v.* Lahnston.

Over the years, however, trial judges and appellate courts struggled with the correct use of the warrants request.[14] These requests were often mishandled, leading to unnecessary appel-

which the plaintiff alleged that the defendant was negligent when he turned his vehicle in an intersection through which the plaintiff's vehicle was traveling and struck the plaintiff's vehicle. The judge made a general finding for the defendant and denied the requests for rulings of law by the plaintiff, including one which read, "[t]here is evidence to warrant the court to find for the plaintiff." *Id.* at 296. The Supreme Judicial Court reversed because the effect of the denial was to rule as a matter of law that the plaintiff could not prevail, i.e., that the defendant was not negligent in circumstances in which this was clearly a disputed question of fact. "The request was not a request that as matter of law the plaintiff was entitled to recover. . . . [T]his request was [not] denied because [it was] rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the *request had become immaterial because of a finding in favor of the defendant on the facts*" (emphasis added). *Id.* at 298. See *Hoffman* v. *Chelsea*, 315 Mass. 54, 56 (1943) (rarely can a party having the burden of proof be entitled to a finding in his or her favor as a matter of law).

[13]Until 1973, warrants requests were an indispensable ingredient in Massachusetts civil practice in jury-waived cases. See 1973 Reporter's Notes to Mass.R.Civ.P. 41 (prior to the adoption of the rules of civil procedure in 1973, "[n]o pre-rule procedure existed in Massachusetts for dismissal of a jury-waived or equity case, after the plaintiff has rested, on the ground that upon the facts and the law the plaintiff had shown no right to relief. Under Rule 41[b][2] this procedure applies to all non-jury cases . . ."). From 1974 until 2008, civil procedure in the District Court and the Boston Municipal Court departments was governed by a parallel set of rules known as the Massachusetts Rules of the District and Municipal Courts. Dist./Mun.Cts.R.Civ.P. 41(b)(2) introduced the "involuntary dismissal" motion to jury-waived cases in the District and the Boston Municipal Court departments. See *Devito* v. *Cellular Mobile Communications, Inc.*, 1993 Mass. App. Div. 48 (1993).

[14]See, e.g., *Caporale* v. *Big Y Foods, Inc.*, 2001 Mass. App. Div. 77 (2001). The proper way to address warrants requests was explained in *Cooperstein* v. *Turner Bros. Constr. Co.*, 1992 Mass. App. Div. 249, 251 (1992). The history of the struggle by the bench and the bar with warrants requests is recounted in the widely used and authoritative treatise on civil procedure in the District and Boston Municipal Court departments. See Perlin & Connors, Civil Procedure in the District Court § 12.5 (2d ed. 1990); *id.* at § 12.8 (3d ed. 2003); *id.* at § 12.8 (4th ed. 2009). See also *Sapienza-Cote* v. *Cababetta Mgmt. Co.*, 2009 Mass. App. Div. 42, 43 (2009) ("The warrant request . . . bedeviled trial judges for generations . . ."); *DiGesse* v. *Columbia Pontiac Co., Inc.*, 369 Mass. 99, 105 (1975), quoting from *L. Grossman Sons, Inc.* v. *Rudderham*, 319 Mass. 698, 699-700 (1946) ("Careful and repeated exposition has not availed to prevent blunders in dealing with [warrant requests]. . . . The trap set by such a request is perilous to the unwary but easy to avoid").

late litigation. See, e.g., *DiGesse* v. *Columbia Pontiac Co.*, 369 Mass. 99, 102-106 (1975).[15]

There is no Massachusetts statute or rule that requires or even authorizes the use of the warrants request. The 2008 repeal of Mass.R.Civ.P. 64A, and amendment of Mass.R.Civ.P. 52(c), made the warrants request superfluous, and effectively eliminated their use for any purpose in civil practice in jury-waived trials as a vehicle for challenging the sufficiency of the evidence, or as a substitute for a proposed finding of fact or ruling of law. See Handbook of Civil Procedure, *supra* at § 12.8.

*Conclusion.* Judges sitting in jury-waived sessions may disregard any requests for findings of fact or rulings of law in the form of "the evidence warrants," "the evidence does not warrant," "the evidence is sufficient," or "the evidence is not sufficient," etc. In cases tried in the District Court or Boston Municipal Court departments, the effect of submitting requests for findings of fact or rulings of law in the form just described will be that the trial judge is under no obligation to make findings of fact or rulings of law, but, of course, is free to do so. See Mass.R.Civ.P. 52(c). Lawyers and parties in jury-waived proceedings in the District Court and Boston Municipal Court departments should limit submissions under Mass.R.Civ.P. 52(c) to proposed findings of fact and rulings of law. This is in keeping with the modern practice under which appellate review is based on the trial judge's rulings of law and not on rulings of law formulated by counsel. See Handbook of Civil Procedure, *supra* at § 12.6.[16]

> *Decision and order of the Appellate Division affirmed.*

---

[15]See also *John Hetherington & Sons* v. *William Firth Co.*, 210 Mass. 8, 18 (1911); *Adamaitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215, 219 (1936); *Strong* v. *Haverhill Elec. Co.*, 299 Mass. 455, 456 (1938); *Perry* v. *Hanover*, 314 Mass. 167, 173-174 (1943); *Assessors of Pittsfield* v. *W.T. Grant Co.*, 329 Mass. 359, 361 (1952); *Belger* v. *Arnot*, 344 Mass. 679, 680-681 (1962); *Canty* v. *Arbella Mut. Ins. Co.*, 1998 Mass. App. Div. 32 (1998).

[16]The motion for appellate costs and attorney's fees filed by the plaintiff is denied.