SAMUEL STRAUSS *vs.* I. SKURNIK & another.

Suffolk.    April 2, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Admissions, Offers of compromise.

Where, at the trial of an action for a breach of a contract in writing for the employment of the plaintiff by the defendant as a designer for a certain period, there was evidence that the plaintiff, while absent from the defendant's place of business with his consent, was unjustifiably discharged by a letter and that before he received the letter he returned and had a conversation with the defendant, in which the defendant in effect said to the plaintiff that he, the defendant, could get along without a designer for the rest of the season, and "I will give you $300; and you are a good designer, you could get another position," it was *held* that it could not be said to have been an error for the presiding judge to admit in evidence so much of that conversation.

But it was *held* that it was a prejudicial error for the judge at the trial above described to admit in evidence later conversations between the plaintiff and the defendant after the plaintiff had received his letter of dismissal, in which the defendant urged upon the plaintiff terms of settlement, offers of compromise not being admissible as admissions of liability.

CONTRACT for a breach of an agreement in writing for the employment of the plaintiff by the defendants as a first class designer from May 18, 1914, to April 3, 1915. Writ in the Municipal Court of the City of Boston dated October 30, 1914.

On removal to the Superior Court, the case was tried before *Hitchcock*, J. The material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $1,442; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. Michelman* & *E. C. Stone*, for the defendants.

*J. P. Feeney* & *T. F. Callahan*, for the plaintiff.

DE COURCY, J.  The plaintiff was employed by the defendants
as a designer, under a written contract which would expire April 3,
1915.  On September 19, 1914, the plaintiff went to Philadelphia,
and thence to New York, where he remained until Saturday,
September 26.  He returned to the defendants' factory Monday,
September 28.  The defendants on September 25 sent a letter
to him at Philadelphia stating that he had left without their
permission, and that they had hired another designer in his place.
He brought this action for breach of contract contending that he
was absent with their consent.  After a verdict for the plaintiff,
the case is before us on exceptions taken by the defendants to the
admission of certain evidence.

We cannot say that there was error in admitting the plaintiff's
testimony of what the defendant Skurnik said to him on Monday,
September 28, namely, that they could get along without a de-
signer for the rest of the season, and "I will give you $300; and
you are a good designer, you could get another position."  At
this time the plaintiff had not received the letter notifying him
of his discharge, which reached him that evening; and there was
no controversy pending between them.

But the plaintiff persisted in getting before the jury the follow-
ing testimony against the repeated exceptions of the defendants:
"Q.  Now, did you have any other conversation during that week
with Mr. Skurnik?  A.  With Mr. Skurnik.  Q.  What was that?
A.  He tried to explain me that I should take his offer of $300
and to settle with him, because he couldn't agree with his son-in-
law, and that — Q.  When you talked with Mr. Skurnik about
the $300, do you remember any other conversation you had with
him at that time or any subsequent time?  A.  He always say it
was that I wouldn't settle with him — Q.  Go ahead.  A.  That
if I were to settle with him, with Mr. Skurnik, I am a good de-
signer, but if I wouldn't settle it there is no job would be offered
me in Boston, or somewheres else also."

The main question in controversy was whether the plaintiff had
been discharged rightfully, and each party offered evidence in sup-
port of his contention.  Plainly the foregoing evidence was an offer
by the defendants to compromise the plaintiff's claim and was not
admissible as an admission of liability on their part.  As was long
since said by this court: "The rule undoubtedly is, that an offer

to pay any sum by way of compromise of a pending controversy, is not to be given in evidence against the party making it. This rule is founded in policy, that there may be no discouragement to amicable adjustment of disputes, by a fear, that if not completed, the party amicably disposed may be injured." Parker, C. J., in *Gerrish* v. *Sweetser,* 4 Pick. 374, 377. For later decisions in point see *Higgins* v. *Shepard,* 182 Mass. 364 and cases cited at page 367; *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431.

As the above evidence was inadmissible, and plainly injurious, the entry must be

*Exceptions sustained.*