Coven, J.
This is an action for the alleged breach of contract and G.L.c. 93A, §11 unfair and deceptive practices by the defendant-contractors, Joseph Burke and James Burke (“the Burkes”), in failing to pay for building materials sold by plaintiff Moyni-han-North Reading Lumber, Inc. (“Moynihan”). The trial court allowed the defendants’ summary judgment motion on Moynihan’s G.L.c. 93A claim, and, after trial, entered judgment for the defendants on the remaining complaint counts for goods sold and delivered and an account annexed. Moynihan has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
*144 The Burkes had purchased building materials and supplies from Moynihan for many years, and their account was managed by Moynihan sales representative Michael Stone (“Stone”). In November, 1989, the Burkes began a home construction project in Nahant, and were approached by Stone about purchasing two custom staircases for the project from Moynihan. Stone recommended Arcways, a stair manufacturer, for the job, and took measurements at the home construction site which he submitted to both Arcways and its distributor, Brockway-Smith. The staircases were delivered on May 1,1990, only one month before the Burkes’ deadline for completion of the house.
The parties’ dispute arose from installation, headroom, structural, railing and other problems with the custom built staircases. The lower staircase had only five feet, eight inches of headroom at the fourth stair tread, substantially less than what was required by both applicable Codes and Moynihan’s own recommendations.[2] The steel supporting bracket for the upper staircase failed to function as designed. Because of these problems, it took five workers approximately eight hours to install the staircases, instead of the two hours indicated in the manufacturer’s brochure. The Burkes allege that to correct these problems, they had to renovate the basement ceiling to compensate for the headroom problem and make numerous other adjustments, and that they incurred $10,000.00 in out-of-pocket expenses for these modifications and related plastering, painting, rubbish removal and engineering work.
Subsequent disputes between the Burkes and the owners of the newly-constructed house eventually led to arbitration. Prior to the arbitration hearing, Moynihan and the Burkes met to discuss the bill for the staircases. Moynihan claims that the parties agreed that the Burkes would not be required to make any payments on the staircases until their arbitration with the homeowners was completed. Moynihan further alleges that the Burkes agreed that if they were successful at the arbitration, they would pay the full balance due for the staircases. The Burkes in fact prevailed at the arbitration and were awarded approximately $103,000.00 out of the total amount of $156,000.00 they had requested.[3]
At the arbitration hearing, Joseph Burke testified that he owed Moynihan $13,000.00 for the staircases. This arbitration testimony was ruled inadmissible in the trial of this action.
Moynihan contends that after the arbitration, the Burkes not only refused to pay the $13,000.00 balance owed for the staircases, but also endeavored to conceal the arbitration award from Moynihan.
1. The trial court’s denial of the plaintiff’s request for ruling of law that “the evidence warrants a finding for Moynihan Lumber” is dispositive of this appeal.[4] The plaintiff’s request was a proper request for ruling, in the format prescribed by Dist./Mun. Cts. R. Civ. R, Rule 64A(b), which raised a single issue of law; namely, the sufficiency of the evidence to permit a finding for Moynihan. Foster Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 250. No findings of fact were made to clarify the court’s denial of the plaintiff’s request.
The denial of a warrant request constitutes a ruling that, as a matter of law, the requesting party has submitted no evidence upon which a finding for that party could be *145 based. If the requesting party has presented adequate, material evidence, and the trial court improperly denies the warrant request without making findings of fact which demonstrate that its ultimate judgment was not based on a ruling as to the insufficiency of the evidence, the court’s judgment must be vacated. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 102-103 (1975), quoting Rummel v. Peters, 314 Mass. 504, 517-518 (1943) and Bresnick v. Heath, 292 Mass. 293, 296 (1935).
There is no merit to the defendants’ contention that the denial of the plaintiff’s warrant request was irrelevant because the court also denied the defendants’ motion for a “directed verdict”[5] at the close of the plaintiff’s case. In denying the defendants’ mid-trial motion, the court implicitly recognized that the plaintiff had set forth a prima facie case, and that there was sufficient evidence to sustain its burden of proof. The propriety of that ruling did not obviate the error in the court’s contrary denial of the plaintiff’s warrant request at the close of all the evidence, without explanatory findings of fact. Liberatore v. Framingham, 315 Mass. 538, 541-542 (1944); Foster Cooperstein v. Turner Bros. Constr., Inc., supra at 252.
2. In view of the necessity for a new trial on the plaintiff’s breach of contract claim and account annexed, we address briefly an evidentiary issue which will undoubtedly arise again. The evidence in question is Joseph Burke’s arbitration testimony as to his liability to Moynihan for the $13,000.00 balance for the staircases. The trial judge ruled that such testimony was inadmissible as an “offer of compromise.”
While the general rule is that a party’s offers to settle or compromise a dispute are not admissible to prove the liability of that party, Enga v. Sparks, 315 Mass. 120, 124 (1943); Strauss v. Skurnik, 227 Mass. 173, 174-175 (1917); Marchand v. Murray, 27 Mass. App. Ct. 611, 615 (1989), admissions of fact made in the context of such compromises are admissible. Wagman v. Ziskind, 234 Mass. 509, 511 (1920). Moreover, in this case, Burke’s arbitration testimony was improperly characterized in the trial court as evidence of an offer of compromise. Burke testified as to his contractual obligation to make full payment of the specific amount of an acknowledged debt to Moynihan; he did not testify about any offer to Moynihan to settle for a negotiated amount. Compare Enga v. Sparks, supra (offer to pay for personal injuries in an effort to settle the case); Strauss v. Skurnik, supra (acceptance of settlement in exchange for ability to find new position without other party’s interference).
3. The new trial of this matter shall not include the plaintiff’s G.L.c. 93A claim, as there was no error in the trial court’s allowance of the defendant’s motion for partial summary judgment.
Just as a simple breach of contract, without more, is not actionable under G.L.c. 93 A, Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100-101 (1979); Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 762 (1989), the mere refusal to pay a bill because of a dispute would not support a G.L.c. 93A claim. See Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). The plaintiff contends that the defendants’ silence about the outcome of the arbitration and their subsequent refusal to pay despite the pre-arbitration agreement to do so was unfair and deceptive conduct transcending a simple breach of contract. Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754, F. 2d 10, 18 (1st Cir. 1985); Anthony’s Pier Four, Inc. v. HBC Assoc., 411 Mass. 451, 474 (1991).
We disagree. In each of the cases upon which the plaintiff relies, the defendant’s conduct in breach of contract was extortionate in character and undertaken as leverage to obtain a clearly unfair advantage in derogation of the opposing party’s contractual rights. See Massachusetts Employers Ins. Exchange v. Propac-Mass. Inc., 420 Mass. 39, 43 (1995); Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992). In Anthony’s Pier Four, Inc., supra at 472, the defendant refused to approve building plans in an effort to *146 extract more money from the plaintiff than was bargained for under the contract. In Pepsi-Cola Metro. Bottling Co., supra at 18, the defendant delayed payment to enhance its bargaining power to obtain additional product. These cases are inapposite as nothing advanced by the plaintiff in opposition to the Burkes’ summary judgment motion demonstrated that the defendants withheld payment on the staircase bill to compel the plaintiff to do something it would not have been otherwise legally required to do. Both before and after the arbitration, the defendants simply refused to make payment because of the dispute about the defective staircases.[6]
Moreover, even assuming that the defendants’ conduct was unfair and deceptive, the plaintiff also failed to establish a causal link between such actions and any loss claimed by the plaintiff. For conduct to be actionable under Chapter 93 A, it must be “consequential.” Schwanbeck v. FederalMogul Corp., 31 Mass. App. Ct. 390, 415 (1991). “In the absence of a causal relationship between the alleged unfair acts and the claimed loss, there can be no recovery.” Massachusetts Farm Bureau Fed’n. Inc. v. Blue Cross of Mass., Inc., 403 Mass. 722, 730 (1989). While Moynihan contends that it would have taken action sooner to collect the balance owed on the staircases had it not been for the defendants’ pre-arbitration agreement, Moynihan’s ultimate remedy of bringing suit to collect such balance would have been the same with or without the agreement. There is no evidence to suggest that had the plaintiff sued the defendant earlier, the outcome of the lawsuit would have been different. In short, as the causal element of the plaintiff’s G.L.c. 93A claim was missing, the trial court properly granted the defendants’ motion for partial summary judgment.
Accordingly, the court’s partial summary judgment for the defendants is affirmed, and the judgment for the defendants on the remaining counts is vacated. This action is returned to the Woburn Division for a new trial.
So ordered.

 The Massachusetts State Building Code requires a minimum headroom of six feet, six inches. The Federal Housing Authority minimum is six feet, six inches. Moynihan itself recommends a staircase headroom of between seven feet, four inches and seven feet, seven inches.

 It is not clear from the record whether the arbitration award included the $13,000.00 cost of the staircases.

 It is unnecessary, therefore, to consider other claims of error as to the disposition of plaintiff’s remaining requests for rulings of law. We note only that requests which set forth correct propositions of law should be allowed with a notation, where appropriate, that the given proposition does not comport with the judge’s findings of fact in the case. See, e.g., plaintiff’s requests for rulings numbers 8, 9 and 12.

 The proper terminology for such a motion in a non-jury trial is a motion for involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41(b)(2). Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n. 3 (1984); DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49.

 This case is thus unlike Fraser Engr. Co. v. Desmond, 26 Mass. App. Ct. 99 (1988), wherein the Court found that the plaintiff was actually induced to perform the work by the misrepresentation of the defendant that the work would be paid for out of insurance proceeds. Id. at 103-104.