NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-564

PATRICK BUCHANAN & another[1]

vs.

CITY OF GREENFIELD & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, the city of Greenfield and Greenfield Police Chief Robert Haigh, appeal from a Superior Court judgment, entered following a sixteen-day jury trial, finding the defendants liable for discrimination on the basis of race and retaliation in violation of G. L. c. 151B, in connection with the employment of the plaintiff, Patrick Buchanan, a former Greenfield police officer.  On appeal, the defendants claim that they are entitled to a new trial because the judge erred in denying (1) the defendants' motions for mistrial, due to the

_____

[1] Todd Dodge, who did not participate in this appeal.

[2] Robert Haigh.

admission of evidence of a confederate flag displayed by a member of the Greenfield Police Department who was neither a party to the action, nor a decision maker with respect to the plaintiff's employment; (2) the defendants' motion for a new trial on the basis of the judge's allegedly hostile treatment of defense counsel in the presence of the jury; and (3) the defendants' motion for a new trial on the basis of the judge's allegedly erroneous exclusion from evidence of certain statements made in the course of a settlement discussion between Todd Dodge and Robert Haigh during the trial. We affirm.[3]

Discussion. 1. The confederate flag. The defendants claim that the judge abused his discretion in denying their motions for a mistrial based upon the admission of evidence regarding a confederate flag displayed by Sergeant McCarthy on his private property. We agree with the defendants that the flag was not relevant. Ultimately, the judge ruled that the flag should not have been admitted and gave a curative instruction to the jury. Nonetheless, the defendants contend that the judge's instruction to the jury to disregard such evidence was inadequate, and that such evidence amounted to a "'bell' that [could not] be unrung." We disagree.

---

[3] In view of the resolution we reach, we need not consider the issues the plaintiff raises in his cross appeal.

2

"[I]n a civil case, a mistrial is generally regarded as the most drastic remedy and should be reserved for the most grievous error where prejudice cannot otherwise be removed" (quotation omitted). Fitzpatrick v. Wendy's Old Fashioned Hamburgers of N.Y., Inc., 487 Mass. 507, 513 (2021). We review the denial of a motion for a mistrial for an abuse of discretion. Commonwealth v. Doughty, 491 Mass. 788, 796 (2023). "A trial judge is in the best position to determine whether a mistrial, an extreme measure available to a trial judge to address error, is necessary, or whether a less drastic measure, such as a curative instruction, is adequate." Commonwealth v. Amran, 471 Mass. 354, 360 (2015). "When a jury have been exposed to inadmissible evidence, the judge may rely on a curative instruction to 'correct any error and to remedy any prejudice.'" Commonwealth v. Durand, 475 Mass. 657, 668 (2016), cert. denied, 583 U.S. 896 (2017), quoting Commonwealth v. Kilburn, 426 Mass. 31, 38 (1997), S.C., 438 Mass. 356 (2003). A prompt curative instruction is generally sufficient to eliminate the necessity of a new trial. See Durand, supra, quoting Commonwealth v. Garrey, 436 Mass. 422, 435 (2002). Ultimately, however, the question is whether a curative instruction will remedy the prejudice that would otherwise be caused by the evidence's erroneous admission. See Garrey, supra.

3

Here, the judge's curative instruction to disregard all evidence related to the confederate flag allegedly displayed by Sergeant McCarthy, provided to the jury on May 2, 2022, while tardy,[4] sufficiently remedied any prejudice that otherwise would have been caused by its admission.  Prior to the curative instruction, the judge ruled on April 13, 2022, that the evidence of the flag was admissible solely for the purpose of establishing racial animus harbored by Sergeant McCarthy, and not for others at the Greenfield Police Department, nor as comparator evidence.  The defendants acknowledge that Sergeant McCarthy was not a decision maker with respect to the plaintiff's employment, and was not involved in initiating the 2015 internal investigation of the plaintiff, aside from his initial reporting of the matter to his superior.  Therefore, even in the absence of a curative instruction, the implication that Sergeant McCarthy harbored racial animus, based upon his display of the confederate flag, need not be viewed as significantly prejudicial vis-à-vis the motivation for the actions taken by the defendants.

Notwithstanding the above, the judge instructed the jury not to consider in any manner the testimony regarding Sergeant

_____

[4] Testimony regarding the flag was first admitted on the second day of the trial, April 12, 2022.

4

McCarthy's display of the confederate flag.  The jury is presumed to follow the judge's curative instructions.  See Harris-Lewis v. Mudge, 60 Mass. App. Ct. 480, 490 (2004).  "The admission of incompetent evidence is no ground for a new trial if before the case is given to the jury they are instructed to disregard it, and if there is no reason to apprehend that it finally did prejudice their minds" (quotation omitted).  Stricker v. Scott, 283 Mass. 12, 14 (1933).  The defendants have not raised any basis to support the conclusion that the jury failed to follow the judge's curative instruction.  Rather, in their brief the defendants assert in conclusory fashion that "[t]he instruction was too little and too late to cure the prejudice."  To the contrary, the jury answered "no" to question 3 of the special jury verdict.  This question addressed the role of racial animus in Haigh's initiation of the internal investigation into the plaintiff's 2015 traffic stop, i.e., the primary event at issue that tangentially involved Sergeant McCarthy.  The only one out of seven assertedly adverse employment actions that the jury found was not "motivated by racial animus" was Haigh's initiation of the 2015 investigation.  This supports the conclusion that the jury did follow the judge's curative instruction.  The judge did not abuse his discretion in denying the defendants' motions for a mistrial.

2.  The judge's conduct.  Next, the defendants claim that the judge erred in denying their motion for a new trial because "[t]he judge's hostile and contentious treatment of defense counsel throughout the trial created an unacceptable appearance of partiality that prejudiced the defendants."[5]

We review the denial of a motion for new trial "for a significant error of law or abuse of discretion."  Commonwealth v. Sanchez, 100 Mass. App. Ct. 644, 647 (2022).  "Special deference" is given to a motion judge who was also the trial judge, as was the case here.  Commonwealth v. Nieves, 429 Mass. 763, 771 (1999).  A new trial is not warranted when "the judge's remarks complained of by the defendant[s] were in keeping with the judge's role of controlling the conduct of the trial and were not improperly critical of defense counsel."  Commonwealth v. Hogan, 426 Mass. 424, 432-433 (1998).  Moreover, the trial judge has the discretion to admonish defense counsel when appropriate to maintain decorum.  Id. at 432.

Here, the judge's remarks were not improperly critical of defense counsel.  First, the defendants claim that the judge improperly admonished defense counsel during his opening

---

[5] At oral argument, counsel for the defendants conceded that the judge's alleged partiality did not infect any particular ruling below.  Rather, the defendants contend that the jury was influenced by the judge's "demonstra[tion] of hostility towards [defense counsel]."

statement; however, such admonishment was appropriate to maintain decorum after defense counsel had said to plaintiff Todd Dodge, "don't shake your head, Todd."  Second, the defendants claim that the judge acted in a prejudicially hostile manner towards defense counsel in front of the jury when the judge stated, "[defense] counsel is not to correct me"; however, this remark was consistent with the judge's role of controlling the conduct of the trial, as it was made after defense counsel had repeated for a second time his disagreement with the judge regarding the absence of certain evidence in the record.  Third, the defendants claim that the judge improperly admonished defense counsel by stating, "[o]nce again, please no side comments."  This remark was not improperly critical and was consistent with the judge's role of controlling the conduct of the trial.  Fourth, the defendants claim that the judge acted in a prejudicially hostile manner towards defense counsel when he stated, "[o]nce again, these causal [sic] side comments are inappropriate, okay.  This is not the first time I've had to admonish you.  Stop it."  Again, this remark was appropriate under the circumstances to maintain decorum.  Finally, the defendants claim that the judge acted in a prejudicially hostile manner towards defense counsel when he (1) stated, "Attorney Kesten.  You are repeatedly cutting off this witness. . . . Pose a question; then you answer"; and (2) purportedly "stormed

off,"[6] into chambers after calling a recess.[7]  The judge's instruction to defense counsel to allow the witness to answer his questions was consistent with the judge's role in controlling the conduct of the trial and was not improperly critical.  See Commonwealth v. Russ, 232 Mass. 58, 78-79 (1919) (limits of cross-examination, including whether to require witness to give yes or no answer, ordinarily rest in sound discretion of trial judge).  As the judge made clear at sidebar, if defense counsel wanted only a yes or no answer, counsel could ask the witness to answer in that manner; counsel then did so, and the witness complied.

Notwithstanding the general propriety of the judge's conduct throughout the trial, we note that the judge instructed the jury that they "shall [not] . . . be influenced by any personal likes or dislikes you have come to feel toward any party or attorney," and that they "are not to consider anything

_____

[6] The tone of this interaction is unclear from the record. While the judge later apologized to defense counsel at a sidebar after the trial resumed, the judge stated in his ruling on the defendants' motion for a new trial that such apology was made in an effort "to restore civility to the proceeding."  We note that defense counsel reciprocated the apology by stating, "I lost my cool and I'm sorry."

[7] The defendants also claim that the judge was improperly critical of defense counsel in referring to his conduct as "not only unethical, but . . . inappropriate."  However, as acknowledged by the defendants in their brief, this comment was made during a sidebar, and not in the presence of the jury.

8

[the judge] may have done or said as reflecting any opinion as to how you should decide this case." See Hogan, 426 Mass. at 433, citing Commonwealth v. Keniston, 423 Mass. 304, 310-311 (1996) (providing jury instruction to disregard judge's conduct weighs against finding sufficient prejudice to warrant new trial). Although at times the judge might have exercised greater restraint in the face of defense counsel's somewhat provocative conduct, the judge did not commit a significant error of law or abuse his discretion in denying the defendants' motion for a new trial on the basis of his purported appearance of partiality in front of the jury.[8]

3. The settlement discussion. Finally, the defendants claim that the judge erred in excluding evidence of certain statements made during a private discussion between Todd Dodge and Robert Haigh during the trial. We disagree.

First, the defendants contend that the discussion between Dodge and Haigh did not amount to settlement negotiations. "[W]hether a particular discussion is in fact a settlement offer

---

[8] The defendants also claim that the judge erred in denying the motion for a new trial because, in denying such motion, the judge "analyzed the case as if the [p]laintiffs had pled and articulated a 'cat's paw' theory [of relevance regarding the confederate flag]." However, we need not address this argument because, as discussed, supra, the judge properly provided the jury with a curative instruction to disregard any evidence regarding the flag.

9

may require the resolution of conflicting testimony and is a preliminary question for the trial judge." Marchand v. Murray, 27 Mass. App. Ct. 611, 615 (1989). The judge's "determination is conclusive if there is evidence to support it." Fauci v. Mulready, 337 Mass. 532, 540 (1958). Cf. Commonwealth v. Gray, 80 Mass. App. Ct. 98, 101 (2011) (whether statement in booking memo was admission by party opponent "is a preliminary question of fact for the judge" and such determination "will be upheld if there is evidence to support it"). Here, sufficient evidence was elicited during the voir dire hearing to support the judge's conclusion that the conversation between Haigh and Dodge amounted to settlement negotiations.[9]

Next, the defendants contend that, even if the discussion amounted to settlement negotiations, the judge erred in excluding from evidence the statements of fact made during the course of such negotiation. The evidentiary privilege applicable to statements of fact made during settlement

---

[9] The parties' counsel had discussed a settlement on the day prior, and approved of the parties' conversation at issue. During the conversation, Dodge suggested to Haigh a particular dollar amount to resolve the litigation. Haigh testified at the voir dire hearing that Dodge had said during the discussion, "[y]ou are going to be found guilty of being a racist, and you are over. I don't want to see that happen." Haigh then proceeded to testify that he had asked Dodge, "[h]ow are we going to fix this," to which Dodge allegedly responded, "I need X amount of dollars in my pocket clear, and I'm out of here today. This is over. I'm done."

10

negotiations has been described as follows:  "[e]vidence of the following is not admissible -- on behalf of any party -- either to prove or disprove the validity or amount of a disputed claim:  . . .  (2) conduct or a statement made during [settlement] negotiations about the claim."[10]  Mass. G. Evid. § 408(a) (2024).  See Morea v. Cosco, Inc., 422 Mass. 601, 603-604 (1996).  "This rule is founded in policy, that there may be no discouragement to amicable adjustment of disputes, by a fear, that if not completed, the party amicably disposed may be injured" (quotation omitted).  Strauss v. Skurnik, 227 Mass. 173, 175 (1917).  However, this evidentiary privilege is subject to exceptions.  Evidence of a compromise negotiation may be admitted for a purpose other than to prove or disprove the validity or amount of the claim, such as to impeach the credibility of a witness.  See Mass. G. Evid. § 408(b).  See also Zucco v. Kane, 439 Mass. 503, 510 (2003).

The defendants claim that certain statements of fact made by Dodge during the compromise negotiation were admissible for the alternative purpose of impeaching his credibility as a witness.  Even if Dodge's statements were admissible for this alternative purpose, and even if the judge abused his discretion

_____

[10] The defendants incorrectly claim that "factual statements made during the course of settlement negotiations are admissible."

11

in excluding them, neither of which questions we need decide, the error would not be grounds for a new trial because it would not be "inconsistent with substantial justice." Mass. R. Civ. P. 61, 365 Mass. 829 (1974). In ruling on the defendants' motion for a new trial, the judge correctly noted that the jury had heard a substantial amount of evidence, including evidence of disparate treatment between the plaintiff and comparator officers, from which to infer racial bias, aside from Dodge's testimony. Thus, "[w]e are satisfied 'with substantial confidence that the error[, if any,] would not have made a material difference.'" Mason v. Coleman, 447 Mass. 177, 188 (2006), quoting DeJesus v. Yogel, 404 Mass. 44, 49 (1989).

Conclusion. For the foregoing reasons, the amended final judgment, entered November 21, 2022, is affirmed. The order

entered January 25, 2023, denying the defendants' motion to correct judgment, is affirmed.[11]

So ordered.

By the Court (Meade, Sacks & Hodgens, JJ.[12]),

*Paul Little*

Clerk

Entered:  February 5, 2025.

---

[11] The plaintiff's request for appellate attorney's fees and costs, pursuant to G. L. c. 151B, § 9, is allowed.  In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiff may, within fourteen days of the issuance of the decision in this matter, submit an application for attorney's fees with the appropriate supporting materials.  The defendants shall have fourteen days thereafter to file a response to that application.

[12] The panelists are listed in order of seniority.